**Richard PEARSON, Plaintiff,**

v.

**Donald T. VAUGH, et al., Defendants.**

**Civil Action No. 96–2544.**

United States District Court,
E.D. Pennsylvania.

Oct. 28, 1997.

Richard Pearson, Dallas, TX, pro se.

John O.J. Shellenberger, III, Office of Attorney General, Philadelphia, PA, for Defendants.

### MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff Richard Pearson ("Pearson"), a pro se prisoner, brought this action under 42 U.S.C. § 1983, claiming he was stabbed by other inmates and alleges that he was not adequately protected by prison guards present at the time. Pearson has sued the warden of the prison, the captains and lieutenants who were in charge of the shift, and the two officers whom he alleges failed to protect him. Defendants move for summary judgment on several grounds including the statute of limitations. Defendants claim that the incident took place on March 16, 1994, and that Pearson missed the two year statute of limitations applicable to § 1983 suits in Pennsylvania by failing to file suit until March 28, 1996. Because defendants have shown that there are no genuine issues of material fact as to their affirmative defense, and they are entitled to judgment as a matter of law, I will grant this motion.

Rule 56(c) states that summary judgment is properly granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movants, the defendants, bear the initial burden of demonstrating that there is no triable issue. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). If this initial burden is met, then the non-moving party, Pearson, bears the burden of demonstrating that there are disputes of material fact that should proceed to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348,

1355–1356, 89 L.Ed.2d 538 (1986). To meet this burden, the opposing party must point to specific, affirmative evidence in the record and not simply rely on allegations or denials in the pleadings. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. If the opposing party does not carry this burden, then summary judgment should be granted. All doubts are resolved in favor of the opposing party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

■ Defendants have more than adequately met their initial burden of showing that there is no triable issue on the timeliness of Pearson's suit. Defendants have introduced evidence which establishes the two dates relevant to the timeliness of Pearson's suit: (1) the date on which the incident occurred (March 16, 1994) and (2) the date on which Pearson's complaint was filed (March 28, 1996).

Defendants have presented clear evidence that Pearson was stabbed on March 16, 1994, not on March 29, 1994, as Pearson alleges in his complaint. Defendants have submitted the records of the Department of Corrections, including incident reports and medical records, showing that the stabbing of Pearson occurred on March 16, 1994. Defendants also have submitted records for Pearson's admission to Suburban General Hospital on March 16, 1994, for treatment of stab wounds. Defendants have included declarations of prison officials that state that these are the only injury reports in Pearson's file for 1994.

■ Pearson has not responded to Defendant's motion for summary judgment. Even if I accept Pearson's complaint as an affidavit, which I ordinarily do in a pro se prisoner action, its allegation that the incident took place on March 29, 1994 is insufficient under Rule 56 to meet Pearson's burden of proving that a genuine issue of material fact remains in dispute. Under Rule 56, a nonmoving party must adduce through affidavits or otherwise "more than a scintilla of evidence" that a material fact remains in dispute. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir.1990). Conclusory statements in affidavits about the existence of facts do not provide the kind of evidence required to successfully oppose summary judgment. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 889, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990). *Cf. In re TMI*, 89 F.3d 1106, 1116–1117 (3d Cir.1996) (holding non-movants were required to direct the court to specific evidence in the record that the non-movant filed suit within two years). Although a non-movant such as Pearson is not required under Rule 56 to dispute every assertion in the movant's affidavits, he must provide or point out some affirmative evidence in the record that substantiates his claim. *See Lujan*, 497 U.S. at 889, 110 S.Ct. at 3189. Here, in light of the extensive records introduced by defendants, Pearson cannot resist summary judgment based on a bare assertion of timeliness in his own affidavit.

Plaintiff also does not contest the fact that his lawsuit was filed with the clerk of the court on March 28, 1996. However, Pearson claims in a letter to court, dated August 25, 1997, that he mailed his complaint to an attorney to be filed with court "sometime in March" or "around the beginning of March." This allegation does not establish that Pearson's complaint should be treated as filed before March 16, 1996.

Furthermore, even if Pearson were able to establish a more specific date on which he mailed his complaint to his attorney, Pearson could not claim the benefit of a "mailbox rule" for mailing his complaint to a third party. The rule would permit Pearson to establish that although the filing date came after the running of the statute of limitations, he was entitled to a delayed filing because he submitted the complaint to prison authorities on time. In *Houston v. Lack*, the Supreme Court held that a pro se habeas corpus petitioner files his complaint when he delivers it to prison authorities to be forwarded directly to the district court. 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). In *Houston* the Court reasoned that the exact date on which complaints are given to prison authorities can be readily established and that any subsequent delays until the complaint is received by the clerk of the court can be attributed to the prison. *Houston*, 487 U.S. at 275–276, 108 S.Ct. at 2384–2385. However,

when a prisoner such as Pearson decides to send his complaint to a third party who is supposed to file it with the court the prison no longer remains responsible for any delays in filing. Here, Pearson was able to use the mails, but he made the decision to send his complaint to an attorney rather than sending his complaint directly to court.[1]

Therefore, Pearson, having been injured on March 16, 1994, missed the two year statute of limitations applicable to § 1983 suits in Pennsylvania when he failed to file suit by March 16, 1996, and instead filed suit on March 28, 1996.

**AND NOW,** this 28th day of October, 1997, **IT IS ORDERED** that defendants' motion for summary judgment is GRANTED. Judgment is entered in favor of all defendants and against plaintiff.

---

**1.** Since Pearson did not give his complaint to prison officials to be forwarded to court, I need not decide whether the "mailbox rule" should be extended to pro se prisoner complaints under § 1983. *See generally Jackson v. Nicoletti,* 875 F.Supp. 1107 (E.D.Pa.1994)(discussing the mailbox rule and holding it does not apply to pro se prisoner complaints).