

Opinions of the United
States Court of Appeals
for the Third Circuit

6-1-2006

# Lechliter v. Rumsfeld

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4381

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lechliter v. Rumsfeld" (2006). *2006 Decisions*. Paper 975.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/975

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4381
_____

GERALD A LECHLITER,

Appellant

v.

DONALD H. RUMSFELD, Secretary of Defense;
DEPARTMENT OF DEFENSE

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-1016)
District Judge: Honorable Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
June 1, 2006

Before: SCIRICA, Chief Judge, BARRY and COWEN, Circuit Judges

(Filed June 1, 2006 )
_____

OPINION
_____

PER CURIAM

Gerald A. Lechliter appeals pro se from an order of the United States District

Court for the District of Delaware, granting the defendant's motion for summary

judgment in this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. For essentially the reasons provided by the District Court, we will affirm.

In April 2003, Lechliter submitted a FOIA request to the Department of Defense Directorate for Freedom of Information and Security Review ("DFOISR") seeking "all [Department of Defense ("DoD")] documents related to the implementation of 10 U.S.C. § 1413 and its amendments."[1] The DFOISR forwarded Lechliter's request to the Office of the Under Secretary of Defense (Personnel and Readiness) ("USD(P&R)") and to the Office of the Under Secretary of Defense, Comptroller, Program Budget Division, Operations and Personnel Directorate ("USD Comptroller").[2] Those offices conducted searches and forwarded potentially responsive documents to DFOISR, which released the records in full on November 14, 2003.

In the meantime, on November 7, 2003, Lechliter filed a complaint, which he later supplemented with allegations that DoD's search was inadequate and that it improperly

---

[1] Section 1413 provides special compensation for certain severely disabled uniformed services retirees. 10 U.S.C. § 1413 (repealed).

[2] Lechliter's request was also sent to the Defense Finance and Accounting Service ("DFAS"), a DoD office responsible for implementation of § 1413. Before that agency had an opportunity to respond, however, Lechliter informed DoD that a search of DFAS was unnecessary, as a DFAS field office had already responded satisfactorily to a separate FOIA request. Because Lechliter expressly limited the scope of his request, he cannot now challenge the DFAS's failure to respond. Cf. Halpern v. FBI, 181 F.3d 279, 289 (2d Cir. 1999) (holding that "[b]ecause [requester] did not respond to [agency's] request for clarification [of interest in receiving cross-referenced files] until after he filed his amended complaint, he lacked any grounds on which to plead that the [agency] had failed to process the files.")

destroyed responsive documents.[3]  The government moved for summary judgment and submitted affidavits from the former Director of DFOISR, and from USD(P&R) and USD Comptroller employees who searched for records responsive to Lechliter's request.  The District Court granted the government's motion for summary judgment, concluding that "[b]ecause Defendant has conducted a reasonable, adequate and good faith search, as demonstrated by its affidavits, and has released all nonexempt material, it has properly discharged its obligation under FOIA."  Lechliter v. Department of Defense, 371 F.Supp.2d 589, 597 (D.Del. 2005).  After the District Court denied Lechliter's motion for reconsideration, he timely appealed.

We employ a two-tiered test in reviewing an order of a district court granting summary judgment in proceedings seeking disclosure under the FOIA.  We must "first decide whether the district court had an adequate factual basis for its determination."  McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993) (citations omitted).  If it did, we "must then decide whether that determination was clearly erroneous."  Id. (citations omitted).  Under this standard, we will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended

[3] Because DoD released the documents after Lechliter filed his compliant, he was not required to administratively appeal DoD's November 14, 2003, response.  See Pollack v. Dep't of Justice, 49 F.3d 115, 119 (4th Cir. 1995) ("[I]t was error for the district court to conclude that it was somehow deprived of jurisdiction because [the requester] failed to file administrative appeals . . . during the litigation.").

3

the weight of the evidence." Id. (quoting Lame v. United States Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985)).

Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records. See Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." Steinburg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999).

We agree that the detailed affidavits in this case establish that the search was adequate and "reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68. In particular, the affidavit of the former Director of DFOISR explained that he forwarded Lechliter's FOIA request to the USD(P&R) and the USD Comptroller, the offices determined to be the only ones likely to possess responsive documents. In both of those offices, staff who maintained documents pertaining to § 1413 were directed to search for responsive records. Affidavits from those employees indicate in detail their methods for filing documents, describe the various files that they searched, and certify

4

that they searched all records systems likely to contain responsive material.  There is no merit to Lechliter's contentions that the affidavits did not provide enough detail and that the number of affidavits was insufficient.  See Perry v. Block, 684 F.2d 121, 127 ("affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA.").

Lechliter argues that the search was not reasonable.  For instance, he alleges that the DoD should have "referred his request to FOIA offices in other DoD Components that might have originated responsive documents."  Notably, however,  Lechliter has not pointed to any information in the disclosed documents indicating that other offices maintain responsive records.  Cf. Campbell, 164 F.3d at 27 (faulting FBI for limiting its search where "express references" in responsive documents indicated that additional material would be identified if other indices were searched).  To the extent that Lechliter contends that various documents were not located, it is important to emphasize that "failure to turn up [a specified] document does not alone render the search inadequate." Nation Magazine v. United States Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

Furthermore, Lechliter alleges that the DoD improperly withheld documents by destroying responsive records.  The FOIA "does not obligate agencies to create or retain documents, it only obligates them to provide access to those which it in fact has created and retained." Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136,

151 (1980). Here, the USD(P&R) employee's affidavit explained that "old papers/folders may be purged" when "program policy activity occurs," and that "[e]mail documents are regularly purged whenever time and attention allow." That affidavit, which is uncontradicted on this issue, also states that no documents "have ever been deliberately destroyed in response to, or in an effort to avoid release to Mr. Lechliter." Because the DoD is not required to produce documents "if [it] is no longer in possession of the documents for a reason that is not itself suspect," there has been no improper withholding. SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

Finally, Lechliter challenges the DoD's responses to a supplemental FOIA request and to a clarification of his initial request, which he submitted during the pendency of this litigation. In May 2003, Lechliter submitted a FOIA request for "congressional communications" with DoD concerning § 1413. After initially informing Lechliter that it could not locate any responsive records, the DoD performed another search, located approximately 50 letters, and released them in full. Separately, in December 2003, Lechliter supplemented his initial request in a letter to government counsel. As a result, the DoD undertook additional searches in its General Counsel's Office, the Department of the Army, the Department of the Navy, and the Department of the Air Force. These searches yielded additional documents, which were released to Lechliter. We agree with the District Court that the DoD's account of these searches is "more than sufficient to support the conclusion that [it] conducted a reasonable and thorough search for

6

responsive documents." Indeed, in this instance, the DoD's actions may be viewed as evidence of its good faith efforts to satisfy its FOIA obligations. See Meeropol v. Meese, 790 F.2d 942, 953 (D.C.Cir. 1986) ("[T]he additional releases suggest a stronger, rather than a weaker, basis for accepting the integrity of the search.") (internal quotation omitted).

For the reasons given, we will affirm the judgment of the District Court. The parties' motions to expand the record are denied.