

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2008

# Berger v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Berger v. IRS" (2008). *2008 Decisions.* Paper 685.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/685

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2796

LAWRENCE S. BERGER; REALTY RESEARCH CORPORATION,
Appellants

v.

INTERNAL REVENUE SERVICE; DEPARTMENT OF THE TREASURY

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 05-cv-03854)
District Judge:  The Honorable Harold A. Ackerman

Submitted Under Third Circuit LAR 34.1(a)
June 25, 2008

Before: SLOVITER, BARRY and ROTH, Circuit Judges

(Opinion Filed: August 11, 2008)

OPINION

BARRY, Circuit Judge

Appellants Lawrence S. Berger and Realty Research Corporation ("RRC")

(together "appellants") appeal the District Court's order granting summary judgment to

appellees the Internal Revenue Service ("IRS") and the Department of Treasury ("DOT") and denying appellants' request for disclosure of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and certain provisions of the Internal Revenue Code ("IRC"). We will affirm.

## I.

Appellants were the subjects of a civil Trust Fund Recovery Penalty ("TFRP") investigation and criminal investigation by the IRS. The investigation did not result in any charges against either of them. On December 8, 2003, they wrote to the IRS requesting records pertaining to themselves and to the investigations of them under the FOIA, the Privacy Act, and the IRC. In addition to other records, appellants requested the time records of Revenue Officer Mary Williams, who conducted the TFRP investigation.

The IRS responded on July 23, 2004, releasing 459 pages of documents, but advised appellants that it was withholding in full or in part numerous documents exempt from disclosure under FOIA. On August 27, 2004, appellants appealed and expanded the scope of their document request. On July 15, 2005, the IRS Appeals Office released additional documents, but reaffirmed its decision to withhold the rest.

On August 3, 2005, appellants filed a complaint in the District Court seeking disclosure of the withheld documents. The case was referred to Mary Ellen Keys, an attorney at the IRS's Office of Assistant Chief Counsel for Disclosure and Privacy Law. On June 6, 2006, appellants wrote to the IRS, again expanding the scope of their

document request. On or about August 15, 2006, the IRS released approximately 900 additional pages.

On October 27, 2006, appellees moved for summary judgment, arguing that the remaining pages had been properly withheld. Affidavits from IRS officers were submitted in support of the motion, including the Declaration of Ms. Keys, explaining which pages had been withheld and the reasons for withholding them. Keys stated that Officer Williams's time records consisted of 711 pages that were being withheld in their entirety under 5 U.S.C. § 552(b)(6) ("Exemption 6"). Keys noted that, in addition to Exemption 6, the time records could also be withheld under 5 U.S.C. § 552(b)(3) ("Exemption 3"), in conjunction with 26 U.S.C. § 6103(a), because the information largely consisted of information relating to third-party taxpayers.

On December 8, 2006, appellants filed a brief in opposition to appellees' motion and submitted a copy of the "Vaughn" index prepared by the IRS in conjunction with the summary judgment motion.[1] On January 9, 2007, the IRS informed the District Court that it intended to release additional pages, and, on January 19, 2006, twenty-two pages were released. On January 12, 2007, appellees filed a reply brief together with additional affidavits, including another Declaration of Ms. Keys responding to arguments made in appellants' brief. Keys stated that the IRS had withheld Officer Williams' time records

---

[1] A "Vaughn" index is an affidavit that supplies an index of withheld documents and details the agency's justification for claiming an exemption. Patterson v. Fed. Bureau of Investigation, 893 F.2d 595, 599 n.7 (3d Cir. 1990).

under Exemption 6 because they were a "personal accounting of the time spent on the job," reporting time spent examining various taxpayers and time reported as sick leave, vacation time, training, and other administrative reasons, and that disclosure would be a "clearly unwarranted invasion of personal privacy." App. at 388. On May 22, 2007, the District Court granted appellees' motion for summary judgment, finding that the balance of the time records had been properly withheld under Exemption 6, and that the Privacy Act did not otherwise require their disclosure. Appellants timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

Appellants argue that Officer Williams's time records are not protected by Exemption 6 of the FOIA, their release is required under the Privacy Act, and that the District Court abused its discretion by declining to conduct an in camera review of the remaining documents withheld by the IRS.

When reviewing an order of a district court granting summary judgment in proceedings seeking disclosure under the FOIA, a reviewing court must determine whether the district court had an adequate factual basis for its decision and, if so, whether that decision was clearly erroneous. Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007). We will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the

4

evidence." Id., quoting Lame v. U.S. Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985).

Exemption 6 of the FOIA exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). To determine whether the exemption applies, courts balance the public interest in disclosure against the privacy interest protected by the exemption. Sheet Metal Workers Int'l Assn, Local Union No. 19 v. U.S. Dep't of Veterans Affairs, 135 F.3d 891, 897 (3d Cir. 1998). There is a presumption in favor of disclosure, and the agency has the burden of proving that an exemption applies. Id.

Appellants first argue that Officer Williams's time records are not "similar files" that would be expected to contain the type of personal information Exemption 6 was designed to protect, and instead merely reflect the activities she performed while investigating appellants or performing other work-related functions. However, the term "similar files" is construed broadly and not limited to those files that contain intimate details or highly personal information. U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 600 (1982). Rather, the exemption is intended to cover records that can be "identified as applying to that individual." Id. at 602. Williams's time records are a personal recording of the time expended as an employee and therefore can be identified as applying to her.

Appellants argue that even if the time records are "similar files," Officer Williams has only a minimal, if any, privacy interest in those records. They argue, moreover, that

5

even assuming she has a privacy interest in those parts of her time records containing personal information, this does not explain why the rest of those records are protected. Williams, they argue, would not be expected to have a privacy interest in those parts of the records that merely recount the activities performed during the course of her official duties as an employee of the IRS. We disagree. Williams has a privacy interest in her records as a whole because they are a personal recording of how she spent her time at work. Whether some parts contain information not subject to an exemption goes to whether those parts are segregable from the portions that are exempt,[2] and the District Court found they were not. Moreover, "even a slight privacy interest will tip the scales in favor of non-disclosure" when balanced against a weak public interest in disclosure. Sheet Metal Workers Int'l Ass'n, Local Union No. 19, 135 F.3d at 904.

Appellants argue that the District Court erroneously found both that the public did not have an interest in the time records and that Officer Williams's privacy interest outweighed any public interest in disclosure. When balancing the privacy interest against the public interest in disclosure, the only relevant public interest is the extent to which disclosure would "serve the 'core purpose of the FOIA,' which is 'contributing

---

[2] When responding to requests for the release of documents, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt . . . ." 5 U.S.C. 552(b). The District Court found that "considering the extensive amount of personal information" in the time records, they "may not be reasonably segregated such that only information which would not clearly invade Williams's personal privacy would be disclosed." App. at 35. Ms. Keys's Declarations support this finding.

significantly to public understanding of the operations or activities of the government.'"

Id. at 897 (quoting U.S. Dep't of Defense v. Fed. Labor Relations Auth., 510 U.S. 487 (1994)) (emphasis omitted).

Appellants maintain that the public has an interest in the manner in which the IRS conducts civil tax investigations, whether public servants carry out their duties in an efficient and law-abiding manner, whether investigations are comprehensive, and whether budget monies are allotted in an efficient and cost-effective manner. Disclosure of Officer Williams's time records, however, would not "contribute significantly" to the public understanding of the operations of the IRS or "appreciably further the citizens['] right to be informed about what their government is up to." Id. at 900 (quoting Dep't of Defense, 510 U.S. at 497). Indeed, disclosure of her records would only serve appellants' narrow interest in knowing how she investigated their particular case. Williams's privacy interest in her time records, even if slight, outweighs this weak public interest in their disclosure, and disclosure would be an unwarranted invasion of personal privacy.[3]

## III.

Our scope of review of the grant of a motion for summary judgment with respect to disclosure under the Privacy Act is the same as that used by the District Court. Patterson v. Fed. Bureau of Investigation, 893 F.2d 595, 602 (3d Cir. 1990). We must

---

[3] Because we hold that Officer Williams's time records are exempt under Exemption 6, we need not reach the issue of whether they are also exempt under Exemption 3.

7

decide whether there is a genuine issue as to any material fact in dispute, assuming resolution of the disputed fact in favor of the non-moving party, and determine whether the moving party is entitled to judgment as a matter of law. Id.

Appellants argue that the time records should have been released to them under the Privacy Act because they include information pertaining to Berger[4] that can be retrieved by taxpayer name.[5] Under the Privacy Act, an individual may request from an agency access to his records or to "any information pertaining to him" which is maintained in a system of records from which information is retrieved by the name of the individual or some other identifier assigned to that individual. 5 U.S.C. § 552a(a)(5) and (d)(1). Records shall not be disclosed "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." Id. § 552a(b).

Officer Williams's time records were created pursuant to the conditions of her employment, not, as appellants suggest, "in connection with" her investigation of them. Reply Br. at 8. Those records record the time Williams spent performing her job duties – investigating other taxpayers as well as appellants, training, and administrative work – as well as her vacation time and sick leave. Therefore, the time records pertain to Williams,

---

[4] The Privacy Act only applies to the records of individuals and therefore this challenge is to records pertaining to Berger only.

[5] The parties dispute for the first time on appeal whether time records are retrievable from an IRS system of records by taxpayer name. In the District Court, the parties limited their Privacy Act arguments to whether the time records pertained to Berger. We do so as well, and agree with the District Court that they do not.

8

not Berger, and cannot, absent the consent of Williams, be released under the Privacy Act.

## IV.

Finally, appellants argue that the District Court abused its discretion by failing to perform an in camera review of the "relatively few remaining documents" that were withheld. Reply Br. at 25. Review was necessary, they argue, to ensure that the IRS had complied with the FOIA's segregation requirement and because the IRS's conduct and affidavits suggested that it was not withholding documents in good faith. The FOIA permits a district court to examine in camera the contents of agency records that have been withheld. 5 U.S.C. § 552(a)(4)(B). Such review is discretionary. Hilton v. Dep't of Justice, 844 F.2d 126, 128 (3d Cir. 1988). In camera review, however, should not be resorted to "routinely" and is unnecessary if agency affidavits or other showings are specific. Ferri v. Bell, 645 F.2d 1213, 1225-26 (3d Cir. 1981).

The District Court concluded that in camera review was not warranted because it was "satisfied with the detail and specificity" of the IRS's affidavits, in particular the Declarations of Ms. Keys, and of the Vaughn index, and because there was no evidence that the IRS acted in bad faith. App. at 14. The District Court did not abuse its discretion in so concluding. Moreover, the IRS was at all times responsive to appellants' requests and, indeed, re-reviewed the records each time appellants expanded the scope of their document requests and, again, after they submitted their brief on the motion for summary

9

judgment.

## V.

We will affirm the judgment of the District Court.