

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-30-2009

# Thomas Wright v. Postmaster General o

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Thomas Wright v. Postmaster General o" (2009). *2009 Decisions*. Paper 1109.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1109

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-4685

THOMAS J. WRIGHT,
                                          Appellant
                    v.

JOHN E. POTTER, Postmaster General of the US Postal Service

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-07-cv-02073)
District Judge:  Honorable James F. McClure, Jr.

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2009

Before: SLOVITER, AMBRO and GREENBERG, Circuit Judges

(Opinion filed June 30, 2009)

OPINION

PER CURIAM

        Thomas J. Wright appeals the District Court's grant of summary judgment in favor

of the Postmaster General of the United States in a suit Wright brought pursuant to the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5

U.S.C. § 552a. For the following reasons, we will affirm the District Court's judgment.

Wright is an employee of the Postal Service at the Post Office in Coudersport, Pennsylvania. In March 2007, after learning that his official personnel file (OPF) had been lost, Wright submitted a FOIA/PA request to the Postal Service for the return of his OPF. Wright later amended his FOIA/PA request to add a request for a copy of his "Form 6100A associated with [his] service," which he believed to be "the form which tracks all disclosures of [his] records." (Supp. App. 38a.) The records custodian for the Coudersport Post Office searched the vault where the records were located, searched the file cabinets in his office, and called the former Postmaster (who retired in 2005) to inquire into the file's whereabouts. Despite a search which also included offices in Wilkes-Barre, Harrisburg, Pittsburgh, and St. Louis, the Postal Service was unable to locate Wright's OPF. As a result, Kathy Gill, a Human Resources Generalist, reconstructed Wright's OPF and provided him a copy on September 7, 2007. The Postal Service did not provide Wright with copies of any 6100 forms, claiming that the Postmaster did not use form 6100 when sending OPFs to internal departments.

The Postal Service entered a Final Agency Decision on Wright's FOIA/PA claims on October 19, 2007. Wright filed suit in the District Court on November 13, 2007, requesting that the Postmaster produce his original OPF. On June 19, 2008, Wright's original OPF was located in a safe in the Coudersport office. The Postmaster gave Wright an opportunity to review the file the same day that he found it. The Postal Service

2

moved for summary judgment, arguing that the search was ultimately successful and that no 6100 forms could be located, despite an extensive search. The District Court granted the motion and dismissed the case. Wright filed a motion for reconsideration which the District Court also denied. Wright then filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. The government argues that we should employ the two-step standard of review we utilize in FOIA cases when a district court grants summary judgment.[1] It also correctly states that because Wright requested his own personnel file, the PA's provisions governing employees' right to access their own records control in this case. See 5 U.S.C. § 552a(d)(1). Under the PA, we review a district court's grant of summary judgment using the traditional standard: viewing the facts in the light most favorable to Wright, whether there exist any disputed issue of material fact and whether the ‚Postmaster is entitled to judgment as a matter of law. Cuccaro v. Sec'y of Labor, 770 F.2d 355, 357 (3d Cir. 1985).[2]

The test under the FOIA and the PA is whether the agency conducted a reasonable search for responsive records. Abdelfattah v. United States Dep't of Homeland Sec., 488

---

[1] Under this two-tiered review we first "decide whether the district court had an adequate factual basis for its determination." McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993). If the district court had an adequate factual basis for its decision, we then ask whether that determination was clearly erroneous. Id.

[2] We note that the District Court analyzed Wright's claim under the FOIA and not under the PA. Any error in this regard is harmless since the standard for whether a search for records was adequate is identical under FOIA and the PA. See Lane v. Dep't of Interior, 523 F.3d 1128 1139 n.9 (9th Cir. 2008) (citing Hill v. United States Air Force, 795 F.2d 1067, 1069 n.4 (D.C. Cir. 1986) (per curiam)).

F.3d 178, 182 (3d Cir. 2007) (per curiam). "To demonstrate the adequacy of its search, the agency should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched." Id. (citations and internal quotation marks omitted).

Here, the District Court's conclusions, that the Postal Service did not withhold any documents from Wright and that the Postal Service's search was reasonable are not erroneous as a matter of law. Specifically, the Postal Service provided the affidavits of three employees who were involved in the search for the OPF. The affidavits detailed the thorough, and ultimately successful, search undertaken for Wright's OPF. The affidavits also indicate that the Postal Service does not use form 6100.

Wright argues that the Postal Service refused to acknowledge his request for a disclosure accounting form or "equivalent accounting" of who accessed his OPF and for what purpose. However, the letters from the Postal Service demonstrate that it acknowledged his request for the 6100 forms. (Supp. App. 44a.) As for "equivalent accounting" forms, the affidavits state that the Postal Service does not keep a detailed record of who accesses an employee's OPF. Therefore, because Wright received all available information he sought, and the Postal Service conducted an adequate search, the District Court did not err in granting the Postal Service's motion for summary judgment. See Citizens Comm'n on Human Rights v. Food and Drug Admin., 45 F.3d 1325, 1328 (9th Cir. 1995) ("[T]he issue to be resolved is not whether there might exist any other

4

documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*.").

For the foregoing reasons, we will affirm the District Court's grant of summary judgment in favor the Postmaster General.