**Mark JACKSON, Plaintiff,**

v.

**UNITED STATES GENERAL SERVICES ADMINISTRATION, et al., Defendants.**

**CIVIL ACTION NO. 16–5253**

United States District Court,
E.D. Pennsylvania.

Signed 07/25/2017

Filed 07/26/2017

Mark Jackson, Philadelphia, PA, pro se.

Gregory B. David, U.S. Attorney's Office, Philadelphia, PA, for Defendants.

## Memorandum Opinion

Rufe, J.

Before the Court is the Motion for Summary Judgment of Defendants U.S. Department of the Treasury and U.S. General Services Administration ("GSA"). For the reasons that follow, the motion will be granted, as there are no material factual disputes regarding Plaintiff Mark Jackson's claim, and Defendants have put forward compelling evidence and arguments that they are entitled to judgment as a matter of law.

## I. BACKGROUND

This case concerns the Government's purported failure to provide Plaintiff with requested documents pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act.[1] The following facts are undisputed. On July 17, 2012, Plaintiff was informed that he had been selected for an Internal Revenue Agent position with the Internal Revenue Service ("IRS"), and he accepted the job offer contingent upon a tax check and an FBI fingerprint check.[2] On August 15, 2012, Plaintiff was notified that the IRS withdrew its offer because the fingerprint check revealed pending criminal charges against Plaintiff.[3] On July 6, 2016, Plaintiff submitted document requests to GSA under FOIA and the Privacy Act, and on July 11, 2016, Plaintiff submitted similar requests to the IRS.[4] Defendants responded to the requests without claiming any exemptions and produced 174 pages of documents from several IRS databases and the USAccess database maintained by GSA.[5] Plaintiff then filed this suit *pro se*, alleging that Defendants improperly withheld documents in violation of FOIA and the Privacy Act. Defendants now move for summary judgment.

## II. LEGAL STANDARD

### A. Summary Judgment Standard

A court will grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material only when it "might affect

---

1. Doc. No. 1 (Complaint); 5 U.S.C. § 552; 5 U.S.C. § 552a.

2. *Id.* ¶¶ 7, 15.

3. *Id.* ¶ 23. All pending charges against Plaintiff were abandoned on November 6, 2013, and the charges were expunged on March 27, 2014. *Id.* ¶¶ 28–29.

4. *Id.* ¶¶ 32–33.

5. Doc. No. 9–2 (Motion for Summary Judgment) at 2. Plaintiff noted that Defendants failed to file a timely response to the complaint without offering an explanation or seeking an extension from the Court. However, Plaintiff did not identify any prejudice from Defendants' delayed Answer. Doc. No. 18 (Response to MSJ) at 7 & n.6.

6. Fed. R. Civ. P. 56(a).

the outcome of the suit." [7]

 In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in that party's favor.[8] Further, "a court may not weigh the evidence or make credibility determinations." [9]Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[10] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." [11] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." [12] Therefore, if the court determines that there is no genuine dispute as to any material fact after making all reasonable inferences in favor of the non-moving party, summary judgment is appropriate.[13]

## B. FOIA Claim

 To prevail on a summary judgment motion in a FOIA case, an agency "must show that its search was reasonably calculated to uncover relevant documents."[14] The search "must be adequate enough to reasonably assure that all files likely to contain the requested information have been searched."[15] The inquiry into the adequacy of the search begins with the "presumption that the agency affidavits and the related search were made in good faith."[16] For the plaintiff to rebut such a presumption, "more than purely speculative claims about the existence and discoverability of documents" must be presented, since "[s]peculation that uncovered documents may exist is insufficient to show that the agency's search was unreasonable."[17]

 The "relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*.' " [18]The adequa-

---

**7.** *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *id.* at 247, 106 S.Ct. 2505.

**8.** *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

**9.** *Boyle v. Cty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

**10.** *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**11.** *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (internal citations omitted).

**12.** *Walden v. Saint Gobain Corp.*, 323 F.Supp.2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976)).

**13.** *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987). Although *pro se* plaintiffs are afforded greater leeway than represented parties, "[c]onclusory statements in affidavits about the existence of facts do not provide the kind of evidence required to successfully oppose summary judgment." *Astree v. U.S. Dep't of Justice, Bureau of Prisons*, No. Civ. A. 98-118, 1999 WL 94621, at *5 (E.D. Pa. Jan. 8, 1999) (quoting *Pearson v. Vaugh*, 984 F.Supp. 315, 316 (E.D. Pa. 1997)). Instead, Plaintiff "must provide or point out some affirmative evidence in the record that substantiates his claim...[and] cannot resist summary judgment based on [ ] bare assertion[s.]" *Id.* (quoting *Pearson*, 984 F.Supp. at 316).

**14.** *Cozen O'Connor v. U.S. Dep't. of Treasury*, 570 F.Supp.2d 749, 766 (E.D. Pa. 2008).

**15.** *Id.* (citing *Morley v. C.I.A.*, 508 F.3d 1108, 1120–21 (D.C. Cir. 2007).

**16.** *Cozen O'Connor*, 570 F.Supp.2d at 766.

**17.** *Id.*

**18.** *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (quoting

cy of an agency's search can be demonstrated by providing a "'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials...were searched.'"[19] The adequacy of a search "focuses on the appropriateness of the search methods used and not on what the search produces or does not produce."[20] To demonstrate adequacy, "the agency's affidavit must (1) contain reasonable detail; (2) set forth the search terms used; (3) describe the type of search performed; and (4) confirm that all files likely to contain responsive material were searched."[21] The "failure to turn up [a specified] document does not alone render the search inadequate,"[22] since a search "need not be exhaustive."[23] The Court may award summary judgment "on the basis of agency affidavits alone where the affidavits are sufficiently detailed and in good faith."[24]

### C. The Privacy Act Claim

The Privacy Act requires that federal agencies "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him...to review the record and have a copy made of all or any portion thereof in a form comprehensible to him...."[25] The inquiry under FOIA and the Privacy Act is essentially the same: "whether the agency conducted a reasonable search for responsive records."[26]

### III. ANALYSIS

Because Defendants do not claim that any FOIA exemptions apply or otherwise argue that they are not required to produce the requested documents, this dispute revolves around the adequacy of Defendants' searches. Defendants argue that they are entitled to summary judgment because they have conducted a series of reasonable searches and produced responsive documents, satisfying their obligations under FOIA and the Privacy Act.

### A. FOIA

■ Defendants have satisfied their burden of showing that they conducted adequate searches by submitting detailed affidavits describing the search process. Specifically, Defendants have provided declarations from Athena Amparano, a Government Information Specialist at the IRS, and Stephen Sill, the Director for the USAccess's Managed Service Office within the GSA, explaining the search process, the personnel involved, and the information found.[27] Defendants also provided a chart showing Plaintiff's eleven FOIA requests, the IRS's responsive actions, and the documents that the IRS was able to

---

*Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

19. *Id.* (quoting *Valencia–Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999)).

20. *Cozen O'Connor*, 570 F.Supp.2d at 766 (citing *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 314 (D.C. Cir. 2003)).

21. *Id.* (citations omitted).

22. *Lechliter v. Rumsfeld*, 182 Fed.Appx. 113, 116 (3d Cir. 2006) (quoting *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892 n.7 (D.C. Cir. 1995)) (alteration in original).

23. *Cozen O'Connor*, 570 F.Supp.2d at 766.

24. *Berger v. I.R.S.*, 487 F.Supp.2d 482, 493 (D.N.J. 2007) (citation omitted), *aff'd*, 288 Fed.Appx. 829 (3d Cir. 2008).

25. 5 U.S.C. § 552a(d)(1).

26. *Wright v. Potter*, 333 Fed.Appx. 690, 692 (3d Cir. 2009) (citing *Abdelfattah*, 488 F.3d at 182).

27. Doc. No. 21–1 (Reply), Ex. 1 (Supp. Decl. of Athena Amparano); Doc. No. 21–2, Ex. 2 (Supp. Decl. of Stephen Sill).

locate.[28] Defendants' affidavits and supporting materials are sufficiently detailed to warrant a presumption of good faith and demonstrate that Defendants' searches were adequate.

In response, Plaintiff raises at least four objections, none of which is persuasive. Plaintiff first argues that Defendants' descriptions of their searches were inadequate because Defendants did not specify the locations searched or state explicitly that "all files likely to contain responsive materials" were searched.[29] As the searches were electronic, Defendants were not required to specify a physical location, and Defendants' affidavits provided ample details of the electronic searches, which is sufficient to comply with the statute's requirements.[30]

Plaintiff also questions the qualifications of Defendants' declarants, arguing that other, unspecified individuals also should have submitted declarations. Ms. Amparano is a Government Information Specialist whose job is to coordinate search efforts in response to FOIA requests such as the one at issue here.[31] Ms. Amparano was thus

qualified to describe the IRS's search procedures, and Defendants were not required to provide a declaration from every individual involved in the search.[32]

 Next, Plaintiff argues that Defendants failed to search various databases that he believes contain responsive documents. But "[t]here is no requirement that an agency search every record system." [33] And in fact, most of the locations identified by Plaintiff *were* searched—Defendants' affidavits explain that Defendants conducted supplemental searches in response to Plaintiff's criticisms, and most came up short. For example, Defendants searched the Security Entry and Tracking System ("SETS"), GovTrip files/databases, SmartPay files/databases, and the IRS's Automated Background Information System (all identified by Plaintiff), and these searches yielded only a few documents, all of which were produced.[34] Rather than reveal any deficiencies with the search process, Defendants' ongoing efforts to respond to Plaintiff's concerns establish that Defendants' searches were reasonable and conducted in good faith.[35]

---

**28.** Doc. No. 9–2 at 2–3.

**29.** Doc. No. 21 at 3 (citing Doc. No. 18–1 at 5–8).

**30.** Doc. No. 18–1 at 6; Doc. No. 21 at 3, 7 n.2; Doc. No. 21–1, Ex. 1; Doc. No. 21–2, Ex. 2 (explaining search process). Relatedly, Plaintiff argues the Defendants failed to specify how four pages of documents were identified. Doc. No. 18–1 at 15. To the extent that this evidenced a deficiency at all, Defendants remedied it by submitting a supplemental affidavit from Mr. Sill explaining how the documents were located and produced. Doc. No. 21 at 6; Doc. No. 21–2, Ex. B ¶ 3.

**31.** Doc. No. 21 at 4.

**32.** *See Lechliter*, 182 Fed.Appx. at 116 (finding "no merit" to plaintiff's contention that detailed affidavits describing search efforts were not adequate under FOIA, and that the number of affidavits was insufficient).

**33.** *See Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

**34.** Doc. No. 18–1 at 13–14; Doc. No. 21 at 4–5. Specifically, the SETS search uncovered nothing, the GovTrip search produced a single authorization for the Plaintiff to travel in 2012 but did not produce a corresponding voucher, the SmartPay system search produced three pages of documents that were provided to Plaintiff, and the "vast majority" of the Automated Background System folders were either empty or contained only information that had already been produced. *Id.*; Doc. No. 21 at 5.

**35.** *See W. Ctr. For Journalism v. IRS*, 116 F.Supp.2d 1, 10 (D.D.C. 2000) (explaining that "under the FOIA, it is unreasonable to expect even the most exhaustive search to uncover every responsive file; what is expected of a law-abiding agency is that the agency

Finally, Plaintiff argues that Defendants' searches were deficient because they did not produce certain documents that he expected. However, a "failure to turn up [a specified] document does not alone render the search inadequate."[36] And in response to this concern, Defendants again ran supplemental searches, evidencing their good faith.[37] That Defendants did not locate a few specific documents does not make the searches unreasonable.

In short, Defendants have established as a matter of law that their searches were adequate and undertaken in good faith. Plaintiff has failed to rebut this showing. Summary judgment will thus be entered in favor of Defendants on Plaintiff's FOIA claim.

## B. Privacy Act

■■■ Plaintiff's Privacy Act claim is largely duplicative of his FOIA claim and fails for similar reasons. Plaintiff's primary argument is that Defendants have not shown that their searches were "conducted pursuant to the Privacy Act," as opposed to FOIA.[38] But the standard under both statutes is essentially the same, and as explained above, Defendants have shown they conducted a reasonable search in re-

sponse to Plaintiff's requests. Defendants also clarified in their reply brief that the search was "not limited in any way on the basis of whether the request was made under FOIA and/or the Privacy Act."[39] The search thus complied with the Privacy Act.

■■■ Plaintiff also requests that Defendants expunge "all records or information maintained by the IRS and GSA that is inaccurate and/or derogatory to Plaintiff."[40] However, "the Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, nor the opinion behind that administrative decision, no matter how contestable the conclusions may be."[41] Thus, Plaintiff is not entitled to expungement of records that accurately reflect that his employment offer was rescinded because of the fingerprint check, even though the criminal charges revealed by the fingerprint check proved erroneous. Summary judgment will be entered in favor of Defendants on this claim as well.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion for Summary Judgment will

admit and correct error when error is revealed").

**36.** *Lechliter*, 182 Fed.Appx. at 116 (citation omitted).

**37.** Specifically, Plaintiff argues that the second page of his "Consent for Fingerprint Check" form was missing. Doc. No. 21 at 5–6; Doc. No. 21–1, Ex. 1 ¶¶ 6–7. This document was never found, despite supplemental searches, but there is no evidence that this was the result of bad faith or deficient search efforts. Doc. No. 21–1, Ex. 1 ¶ 7. Plaintiff also argues that Defendants failed to search for his "Electronic Questionnaire for Investigation Processing" record, but this record was ap-

parently canceled or deleted once Plaintiff's job offer was rescinded, so there was no need to search for it. Doc. No. 9–3, Ex. A at 5, n.3.

**38.** Doc. No. 18–1 at 18.

**39.** Doc. No. 21 at 6–7.

**40.** Doc. No. 1 at 17.

**41.** *Reinbold v. Evers*, 187 F.3d 348, 360 (4th Cir. 1999); *see also Sydnor v. Off. of Pers. Mgmt.*, 336 Fed.Appx. 175, 180 (3d Cir. 2009) (holding that plaintiff failed to state a claim under the Privacy Act where he sought to have his federal employment records changed).

be granted. An appropriate Order will be entered.