**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 17-2847

_____

MARK JACKSON,
Appellant

v.

UNITED STATES GENERAL SERVICES ADMINISTRATION;
UNITED STATES DEPARTMENT OF THE TREASURY

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-05253)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 2, 2018
Before:  SHWARTZ, KRAUSE and FISHER, Circuit Judges

(Opinion filed:  April 13, 2018)

_____

OPINION[*]

_____

PER CURIAM

     Mark Jackson appeals pro se from an order of the United States District Court for

the Eastern District of Pennsylvania granting the defendants' motion for summary

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment in this action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act (PA), 5 U.S.C. § 552a.

In July 2016, Jackson filed FOIA/PA requests with the Internal Revenue Service (IRS) and the General Services Administration (GSA), seeking records pertaining to himself. In particular, Jackson sought information related to his unsuccessful application for a job as an IRS revenue agent.[1] After conducting searches in several databases, the agencies released in full 174 pages of responsive documents. In his complaint, Jackson alleged that the agencies' searches for responsive records were inadequate. The defendants filed a motion for summary judgment, and submitted declarations from the IRS and GSA employees who searched for records responsive to Jackson's request. The District Court granted the motion for summary judgment, concluding that the "Defendants have established as a matter of law that their searches were adequate and undertaken in good faith." Jackson v. United States Gen. Servs. Admin., 267 F. Supp. 3d 617, 624 (E.D. Pa. 2017). Jackson appealed.

We employ a two-tiered test in reviewing an order of a district court granting summary judgment in proceedings seeking disclosure under the FOIA. First, we must "decide whether the district court had an adequate factual basis for its determination[;]" and, second, we must "decide whether that determination was clearly erroneous."

---

[1] Initially, the IRS informed Jackson that he had been selected for the position, conditioned upon favorable suitability checks, including those related to his criminal history. Later, however, the IRS withdrew its offer because a fingerprint check revealed pending criminal charges against Jackson.

Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (quotations, citations omitted).  Under this standard, we will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." Id. (quoting Lame v. United States Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985)).  Summary judgment may be granted on the basis of agency affidavits if they are specific and detailed, and if there is no contradictory evidence on the record or evidence of agency bad faith.  See Manna v. U.S. Dep't of Justice, 51 F.3d 1158, 1162-63 (3d Cir. 1995); Am. Friends Serv. Comm. v. Dep't of Defense, 831 F.2d 441, 444 (3d Cir. 1987).

Under the FOIA, an agency has a duty to conduct a reasonable search for responsive records.  See Oglesby v. Department of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  The relevant inquiry is not "whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." Steinberg v. United States Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Dep't. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).  To demonstrate the adequacy of its search, the agency should provide "a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials … were searched." Valencia-Lucena v. United States Coast Guard, 180 F.3d 321, 326 (D.C. Cir. 1999).

We agree that the defendants' submissions in this case establish that the search was adequate and "reasonably calculated to uncover all relevant documents." Oglesby, 920 F.2d at 68. The defendants submitted detailed declarations from a Government Information Specialist in the IRS's Disclosure Office and from the GSA employee in charge of the "USAccess" system, which helps process identification cards for federal agencies. Those declarations described Jackson's request, identified the employees who were involved in the search, explained the search terms used, specified the systems that were searched, and stated that all files likely to contain responsive materials had been searched. The IRS and GSA employees also submitted amended and supplemental declarations in response to specific complaints raised by Jackson in response to the motion for summary judgment. For instance, in response to Jackson's charge that the defendants failed to treat his request as arising under the Privacy Act, and thereby failed to conduct adequate searches, the amended declarations made clear that the defendants did not limit their searches, or withhold documents, on the basis that they were responding to only a FOIA request. Furthermore, the supplemental declarations described additional searches that were conducted based on Jackson's claim that the initial searches were inadequate. In addition to the declarations, the defendants produced a chart that outlined each of the requested documents and the databases where Jackson believed those documents could be found, along with a corresponding description of the search methods and results.

4

In his brief, Jackson alleges that the IRS failed to conduct a search of its "HR Connect" database. According to Jackson, that database contains material that he submitted as part of his employment application. Notably, however, the defendants searched for and located Jackson's complete applicant file in a separate database used to store information pertaining to new hires. That search was reasonably calculated to uncover the responsive documents, and Jackson's "mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records." Wilbur v. CIA, 355 F.3d 675, 678 (D.C. Cir. 2004).

Jackson also complains that "there is no information provided as to the process used by [an IRS employee who works in Employment Operations] in choosing which databases to search." But that IRS employee adequately explained that she "chose to search the locations she searched based on her own personal knowledge of the files maintained in such systems." Cf. Spannaus v. U.S. Dep't of Justice, 813 F.2d 1285, 1289 (4th Cir. 1987) (holding that declarant's attestation "to his personal knowledge of the procedures used in handling [the] request and his familiarity with the documents in question" satisfies "personal knowledge" requirement of Federal Rule of Civil Procedure 56). Furthermore, contrary to Jackson's contention, the search was not deficient simply because the IRS found additional documents in response to requests that Jackson made

during the District Court proceedings.[2] See Meeropol v. Meese, 790 F.2d 942, 953 (D.C. Cir. 1986) ("[T]he additional releases suggest a stronger, rather than a weaker, basis for accepting the integrity of the search.") (internal quotation omitted).

Jackson further complains that the defendants did not disclose emails which he believes must exist. But an agency's failure to locate every responsive record does not undermine an otherwise reasonable search. Lahr v. NTSB, 569 F. 3d 964, 988 (9th Cir. 2009) ("[T]he failure to produce or identify a few isolated documents cannot by itself prove the searches inadequate."). Jackson also argued that the declarations were deficient because they failed to explain "what search actually produced" four specific pages from the "USAccess" system. To the extent that such an accounting is required, we conclude that the GSA employee in charge of the "USAccess" system adequately explained that he located those pages after using the "Applicant Status Report tool" to search "all files likely to contain responsive materials."

Furthermore, we will not consider the new evidence that Jackson presents on appeal. The Rules of Appellate Procedure state that the record on appeal consists of the "original papers and exhibits filed in the district court." Fed. R. App. P. 10(a). Although Rule 10(e) allows the record to be supplemented, its purpose is to "correct inadvertent

_____

[2] In response to the defendants' motion for summary judgment, Jackson complained that the IRS did not search the Security Entry and Tracking System, the GovTrip database, or the SmartPay database. While not conceding that its initial searches were inadequate, the defendants, "in a showing of good faith," searched those records systems. No responsive documents were located in the Security Entry and Tracking System. Searches of the GovTrip and SmartPay database yielded responsive documents, totaling nine pages.

omissions, not to introduce new evidence." In re: Application of Ariel Adan, 437 F.3d 381, 389 n.3 (3d Cir. 2006). Accordingly, we "will not consider new evidence on appeal absent extraordinary circumstances." Id. (extraordinary circumstances are those that render the case moot or alter the appropriateness of injunctive relief, show a change in pertinent law, or demonstrate facts of which a court may take judicial notice). Here, Jackson seeks to introduce "an email-chain" that was disclosed to him in connection with an Equal Employment Opportunity Commission proceeding. He claims that the existence of the emails demonstrates that the defendants' searches were inadequate. We conclude that this does not qualify as an extraordinary circumstance for purposes of supplementing the record on appeal. Moreover, even if we did consider the new evidence, it would not alter our determination that the defendants' searches were adequate. See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995) ("Of course, failure to turn up [a specified] document does not alone render the search inadequate.").

Finally, citing the Privacy Act, Jackson asserts that the defendants should expunge "derogatory information" that appears in his employment application records. The Privacy Act allows an individual to "request amendment of a record pertaining to him" on the basis that it is "not accurate, relevant, timely, or complete[,]" 5 U.S.C. § 552a(d)(2)(B)(i), and permits a court to order an agency to amend an individual's record. 5 U.S.C. § 552a(g)(2)(A); Quinn v. Stone, 978 F.2d 126, 137 (3d Cir. 1992). Jackson does not identify the "derogatory information," but it appears that he seeks the

7

removal of references to the criminal charges that were pending against him when he applied for the revenue agent job. According to Jackson, those charges were later dismissed. The District Court concluded that Jackson was not entitled to expungement because the records accurately reflected that his employment offer was rescinded based on the fingerprint check. See Jackson, 267 F. Supp. 3d at 624. We agree. "[T]he Privacy Act does not allow a court to alter records that accurately reflect an administrative decision, or the opinions behind that administrative decision." Reinbold v. Evers, 187 F.3d 348, 361 (4th Cir. 1999). Although Jackson asserts that the "derogatory information was not accessed or used, at all, prior to the … improper disqualification decision made by defendant IRS," he does not dispute that the information is accurate. Under these circumstances, he is not entitled to expungement under the Privacy Act.

For the foregoing reasons, we will affirm the judgment of the District Court. Appellees' motion to summarily affirm is denied as moot.