**LAME, Anthony, Appellant,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE.**

**No. 84–1615.**

United States Court of Appeals, Third Circuit.

Argued June 10, 1985.

Decided July 15, 1985.

Samuel E. Klein (argued), Katherine L. Hatton and Katharine M. Ryan, Kohn, Savett, Marion & Graf, P.C., Philadelphia, Pa., for appellant.

Edward S.G. Dennis, U.S. Atty., Philadelphia, Pa., Richard K. Willard, Acting Asst. Atty. Gen., Leonard Schaitman and Frank A. Rosenfeld (argued), Attys., Civil Div.-Appellate Staff, Dept. of Justice, Washington, D.C., for appellee.

Before HIGGINBOTHAM and BECKER, Circuit Judges, and COHILL, District Judge.*

## OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

This case is again before us wherein the plaintiff-appellant Anthony Lame ("Lame"), a freelance writer and a former investigative reporter, seeks, for a book he is writing, certain records of a major criminal investigation conducted by the Federal Bureau of Investigation ("FBI") of two state legislators pursuant to a request made under the Freedom of Information Act, 5 U.S.C. § 552(a)(3) (1982) ("FOIA").[1] The FBI denied disclosure under FOIA exemptions 7(C) (law enforcement information the disclosure of which would be an unwarranted invasion of personal privacy) and 7(D) (identities of confidential sources and information that they provide), 5 U.S.C. § 552(b)(7)(C) and (D),[2] which the district court upheld based on two affidavits filed by the FBI, one public and another *in camera.*[3]

When this matter was first before us, it was reversed and remanded because, in the view of the panel, "the procedure employed ... did not result in the district court being furnished with the necessary information essential to its rulings" and thus this court could not "approve the manner in which the district court proceeded." The matter was therefore "remanded for proceedings consistent with" the opinion in *Lame v. United States Department of Justice,* 654 F.2d 917, 929 (3d Cir.1981) *("Lame I").* The FBI was directed to file an *in camera* affidavit presenting detailed justifications for the withholding of each requested document and all the documents were to be made available to the district court for its *in camera* inspection.

Upon remand, the FBI and the district court scrupulously complied with our order. The FBI prepared the detailed *in camera*

* Honorable Maurice B. Cohill, Jr., United States District Court for the Western District of Pennsylvania, sitting by designation.

1. The Freedom of Information Act mandates a policy of broad disclosure of government documents when production is properly requested. In pertinent part, section 552(a)(3) provides: ... each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person. When a request is made, an agency may withhold a document, or portions thereof, only if the document falls within one of nine statutory exemptions to the disclosure requirements contained in section 552(b).

2. Section 552(b)(7) exempts investigatory records compiled for law enforcement purposes where production of such records would, *inter alia,* (C) constitute an unwarranted invasion of personal privacy, or (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source.

3. Section 552(a)(4)(B) provides that the district court has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. The statute reads:

In such cases the court shall determine the matter *de novo,* and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section and the burden is on the agency to sustain its action.

affidavit required by this court and the district court, on the basis of that affidavit and of its own study of all 312 responsive documents, upheld the claims of exemption for all but a few isolated items.

In addition to the 7(C) and 7(D) exemption claims, the district court also upheld claims of exemption, made for the first time on remand, under exemptions 2 (internal practices), 3 (matters exempt from disclosure by other statutes, here Fed.R. Crim.P. 6(e), covering grand jury materials), and 7(E) (investigative techniques), 5 U.S.C. § 552(b)(2), (3) and (7)(E).[4] The district court granted the government's motion for summary judgment and denied the plaintiff's cross-motion. In support of this decision, the district court filed two opinions. The first opinion, 31 pages in length, sets forth the district court's rulings of law and is on the public record. Appendix ("App.") at 89a–119a. The second one, which is 49 pages, sets forth findings of fact and is under seal. The district court provided a copy of the sealed opinion to the government but not to plaintiff.

## I.

At the outset we should note the unique problems inherent in the scope of review in FOIA cases. The statute provides that the district "court shall determine the matter de novo, and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of the section, and the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B). As the Seventh Circuit noted recently, it is

> somewhat ironic that legislation intended to open up the workings of executive agencies incorporates a scheme of judicial review designed to be closed in large part not only to the public but to adverse parties.

*Stein v. Department of Justice and Federal Bureau of Investigation,* 662 F.2d 1245, 1252 (7th Cir.1981). And, although such *in camera* reviews are not generally favored for the reasons articulated in *Vaughn v. Rosen,* 484 F.2d 820, 823 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974) ("*Vaughn I*"),[5] the decision of the district court to conduct an *in camera* review has not been directly challenged by either party in this case.[6]

 What concerns us in the present case is the ambit of our responsibilities as an appellate court. It is axiomatic that as to those conclusions of the district court which deal solely with the construction of the plain meaning or the language of a statute or the application of the relevant precedent, our review is plenary. On those issues of "law," we are not bound by the district court's review of the law. However, when we are dealing with facts, our function is not to retry issues of fact *de novo* or substitute our judgment with respect to such issues for that of the trier of facts. We are called upon to simply determine whether, as a matter of law, the permissible findings sustain the judgment. As to those factual findings of the district court, we are governed by the clearly erro-

---

**4.** More specifically, section 552(b)(2) exempts matters that are related solely to the internal personnel rules and practices of an agency. Section 552(b)(3) exempts matters which are specifically exempted from disclosure by statute, provided that the statute in question (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld. Section 552(b)(7)(E) exempts investigatory records complied for law enforcement purposes to the extent that production of such records would disclose investigative techniques and procedures.

**5.** "In light of this overwhelming emphasis upon disclosure, it is anomalous but obviously inevitable that the party with the greatest interest in obtaining disclosure is at a loss to argue with desirable legal precision for the revelation of the concealed information."

**6.** This circuit reaffirmed its support of the "Vaughn Index" as the initial FOIA enforcement tool in *Lame I. See Lame,* 654 F.2d at 921 *citing Ferri v. Bell,* 645 F.2d 1213, 1222 (3d Cir.1981), *reh. on other grounds,* 671 F.2d 769 (3d Cir. 1982); *Coastal States Gas Corp. v. Dept. of Energy,* 644 F.2d 969, 972 (3d Cir.1981).

neous rule on review, Fed.R.Civ.P. 52(a), and may reverse only if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence.

Normally, as an appellate court, we review the grant or denial of a summary judgment motion by the same standard as that employed by the trial court initially under Fed.R.Civ.P. 56(c)—a summary judgment is proper as a matter of law when it appears (a) that there is no genuine issue as to any material fact in dispute and (b) that the moving party is entitled to judgment as a matter of law.

While the matter before us is categorized as an appeal from the grant of summary judgment, by reason of the "peculiarity" of the procedures under FOIA, in reality we are dealing with a hybrid summary judgment. In the typical case, in order for the trial judge to ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted, the opposing party may either note that the documentation submitted by the moving party contains actual disputed material facts or submit counter-affidavits or documentation to establish a disputed material fact. *See generally*, 6 J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶ 56 (2d ed. 1985); 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2716 (2d ed. 1983).

However, in this FOIA case, the summary judgment itself takes on a unique configuration because, by virtue of the very requirements of the statute, the opposing party does not have the factual information upon which the moving party has relied and which was filed *in camera*. As the District of Columbia Circuit appropriately noted in the seminal *Vaughn I:*

> Ordinarily, the facts relevant to a dispute are more or less equally available to adverse parties. In a case arising under the FOIA this is not true, as we have noted, and *hence the typical process of*

*dispute resolution is impossible.* In an effort to compensate, the trial court, as the trier of fact, may and often does examine the document *in camera* to determine whether the Government has properly characterized the information as exempt. Such an examination, however, may be very burdensome, and is necessarily conducted without benefit of criticism and illumination by a party with the actual interest in forcing disclosure.

*Vaughn*, 484 F.2d at 824–5 (emphasis added).

With regard to our role, the Sixth Circuit has described the two-tiered appellate review of factual determinations as follows:

> In reviewing determinations made under the FOIA an appellate court is confronted with two responsibilities. Initially, the reviewing court must establish that the district court had an adequate factual basis for its decision. Secondly, the court on appeal must ascertain upon the factual foundation developed below if the conclusion of the trial court is clearly erroneous.

*Ingle v. Department of Justice*, 698 F.2d 259, 267 (6th Cir.1983) (citations omitted). *Accord L.A. Linsteadt v. Internal Revenue Service*, 729 F.2d 998, 1003 (5th Cir. 1984); *Antonelli v. Drug Enforcement Administration*, 739 F.2d 302, 303 (7th Cir.1984); *Currie v. Internal Revenue Service*, 704 F.2d 523, 528 (11th Cir.1983); *Stephenson v. Internal Revenue Service*, 629 F.2d 1140, 1144 (5th Cir.1980); *Church of Scientology of California v. United States Department of the Army*, 611 F.2d 738, 742 (9th Cir.1980).

■ Thus, we have a peculiar appellate review whereby we must ascertain whether in granting summary judgment, pursuant to the trial judge's *de novo* review, his or her findings on those facts were or were not clearly erroneous. *Van Bourg, Allen, Weinberg & Roger v. National Labor Relations Board*, 751 F.2d 982, 984 (9th Cir. 1985) *citing Church of Scientology*, 611 F.2d at 742.

## II.

On the instant appeal, we are presented with the following claims:

1. The district court incorrectly exempted documents from disclosure if they referred to practices used by an FBI agent, in accordance with an FBI manual, while conducting an interview with an informant.

2. The district court incorrectly exempted FBI documents from disclosure merely because persons named therein appeared before a grand jury on some occasion.

3. The district court incorrectly exempted documents from disclosure based upon an unsupported contention that persons who provided information had received assurances of confidentiality.

4. The district court incorrectly exempted documents from disclosure even though the investigatory techniques or procedures contained therein are commonly known.

5. The district court erred in permitting the government to raise new claims of exemption from disclosure after remand of the action.

With care we have inspected the confidential documents in issue, the *in camera* opinion and the findings of fact of the district court, as well as the opinion filed on the public record. After such a review we find all of Lame's contentions devoid of merit. Without divulging the specifics of the sensitive material involved, we hold that the district court's exhaustive examination of the government's submissions fully satisfied the fact finding requirements of the FOIA and the terms of this court's remand in *Lame I*. Moreover, we conclude that the district court properly upheld the government's claims of exemption, and properly considered the new claims of exemption that were raised after the remand.[7]

We recognize that in a case such as this, Lame is at a disadvantage because he does not have the benefit of seeing the careful *in camera* findings that we have read. However, it should be stressed that we are not dealing with any practices that infringe on Lame's first amendment rights. As an investigative reporter, he can speak with anyone he desires and pursue his investigation in most any way he wishes. Thus, certainly, there is a broad range of inquiry which our ruling does not circumscribe. It means only that most of the FBI files that he requests will not be turned over to him. Congress, however, did not intend to make *all* records available to the inquisitive public. It recognized that there were circumstances in which it would be clearly inappropriate for agencies to release certain documents to the public. Thus, in cases such as these, it provided for *in camera de novo* review by the district court. And, in his brief, Lame acknowledges that

> "[he] recognizes the need for *in camera* review and, on rare occasions, the filing of sealed findings of fact." Brief for Appellant at 14–15.

Furthermore, we have performed our appellate function and we have made a plenary review of the district court's decision on the legal issues. On the basis of our thorough review of the sealed findings of fact, the actual documents and the mat-

---

7. Lame objected below that the government may not raise on remand any exemption that it did not claim the first time that this case was before the district court. We are, however, persuaded by the district court's analysis of *Jordan v. United States Department of Justice,* 591 F.2d 753 (D.C.Cir.1978) wherein the failure to assert an exemption applying to "investigatory records compiled for law enforcement purposes" until appeal was deemed waived. The *Jordan* court believed that an agency would invoke a new exemption before the court of appeals for one of three reasons: first, it was attempting to gain a tactical advantage; second, a substantial change in the facts of the case or the applicable law occurred in the interim; and third, the agency had an "after thought." *Id.* at 780. In the present case, the district court reasoned that *Jordan* was concerned primarily with due process considerations of raising *on appeal* exemptions not raised originally before the trial court. It distinguished Jordan from the case at bar because the government raised the new exemptions *on remand* and hence concluded that Lame had the same opportunity to challenge and test the agency's assertion of the additional exemptions as he had with regard to 7(C) and 7(D). Thus, the district court determined that *Jordan's* concern about unfairness was not present here and we agree.

ters of public record, we conclude that the trial judge correctly applied the controlling precepts of law, complied with our prior order and we hold that his *in camera* findings are not clearly erroneous. *Ingle,* 698 F.2d at 267–268; *see also Doyle v. Federal Bureau of Investigation,* 722 F.2d 554, 555 (9th Cir.1983). Accordingly, we will affirm the judgment of the court below.