OPINION
PER CURIAM.
David V. Houghton appeals from the order of the United States District Court for the District of New Jersey granting the defendant’s motion for summary judgment in his lawsuit brought under the Freedom of Information Act (“FOIA”), 5 U.S.C. § 552. We will affirm.
As alleged in the complaint, on November 6, 2008, Houghton submitted a request to the Central Intelligence Agency (“CIA”), seeking copies of documents pertaining to himself pursuant to FOIA and the Privacy Act.[1] In his letter, Houghton provided his pertinent biographic information for purposes of the search. On December 17, 2008, the CIA informed Hough-ton that the agency had processed his search request but was unable to identify any information or records filed under his name. Houghton appealed the agency’s decision. On January 28, 2009, the CIA acknowledged receipt of Houghton’s appeal and informed him that because appeals were handled in the order received, and because of the large number of appeals, it was unlikely that the agency would respond to his appeal within twenty working days.
On May 15, 2009, Houghton filed his FOIA complaint in the District Court, alleging that the CIA had not answered his appeal. As relief, he sought an order to compel the CIA to disclose the requested records, as well as recovery of his costs of litigation. The CIA filed a motion to dismiss, arguing that to the extent that Houghton sought an answer to his administrative appeal, the issue was moot because on May 19, 2009, the agency denied his appeal because additional records searches at the appellate level yielded no responsive documents. The CIA also requested summary judgment, supported by the declaration of Delores Nelson, Chief of the Public Information Programs Division of the CIA. Houghton filed a cross-motion for summary judgment and response to the CIA’s motion. On September 11, 2009, *431 the District Court granted the CIA’s motion and denied Houghton’s cross-motion. Houghton appeals.
We have jurisdiction under 28 U.S.C. § 1291. We employ a two-tiered test in reviewing the District Court’s order granting summary judgment in proceedings seeking disclosure under FOIA. First, we determine whether the District Court had an adequate factual basis for its decision. See Abdelfattah v. United States, 488 F.3d 178, 182 (3d Cir.2007) (per curiam) (citing McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir.1993)). If an adequate factual basis exists, we then decide whether the District Court’s determination was clearly erroneous. See id. (citations omitted). We will reverse only “if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence.” Id. (citing McDonnell, 4 F.3d at 1242; quoting Lame v. United States Dep’t of Justice, 767 F.2d 66, 70 (3d Cir.1985)). The relevant inquiry under FOIA is whether the agency conducted a reasonable search for responsive records. Id. at 182. “To demonstrate the adequacy of its search, the agency should provide a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials ... were searched.” Id. (citations and internal quotations omitted).
We agree with the District Court’s conclusion that the detailed affidavit submitted in this case establishes that the CIA’s search was adequate. In the affidavit, Nelson detailed the process of how the CIA searched its records systems of the National Clandestine Service (NCS) and the Directorate of Support (DS) for records responsive to Houghton’s request, and she stated that all files likely to contain responsive materials were searched. Nelson stated that no responsive records were located, despite having searched under various search terms enumerated in the affidavit, including Houghton’s name, variations in the spelling of his name, and his biographic identifying information. Houghton argues that the District Court erred in ruling in the CIA’s favor when the CIA did not employ an exemption in denying his request for documents. Appellant’s Brief at 3. However, because no documents responsive to Houghton’s request were located, there were no documents for the CIA to withhold — there was no need for the CIA to invoke any of the statutory exemptions in responding to Houghton’s FOIA request. We conclude that the District Court had an adequate factual basis for its determination, and we discern no clear error in the District Court’s decision.[2]
We will affirm the District Court’s judgment.

. Houghton’s FOIA complaint does not allege claims under the Privacy Act.

. Houghton also argues that the District Court erred in granting summary judgment because the certificate of service attached to the CIA's motion contained an incorrect date in the certification statement made under penalty of perjury. The document states that service of the motion was made on July 21, 2009, while the certification itself bears a typed execution date of July 21, 2010. Houghton does not claim that he did not receive service of the motion. We conclude that the typographical error has no bearing on the outcome of the legal question before us and does not constitute reversible error.