**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4440
_____

DAVID V. HOUGHTON,
                                        Appellant

v.

NATIONAL SECURITY AGENCY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 09-cv-2385)
District Judge: Honorable Faith S. Hochberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2010

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed : May 05, 2010)

_____

OPINION
_____

PER CURIAM

        David V. Houghton appeals from the order of the United States District Court for

the District of New Jersey granting Defendant's motion for summary judgment in his

lawsuit brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We will affirm.

I.

In October 2008, Houghton submitted a request to the National Security Agency ("NSA") for documents pursuant to the FOIA. Specifically, he requested "all documents in which my name is mentioned, including any investigations of me; any interviews of others regarding me; any investigations of a group to which I belonged and am mentioned as a member; and any records in which my name is mentioned but I was not a direct subject of an investigation." (Supp. Appx. at 19.) Houghton's request was reviewed by an NSA official who determined that the information is exempt from disclosure under the first and third exemptions of the FOIA. See 5 U.S.C. § 552(b)(1) ("Exemption 1"); 5 U.S.C. § 552(b)(3) ("Exemption 3").

In a November 2008 letter, the NSA informed Houghton that the NSA could neither confirm nor deny whether intelligence records relating to him exist, or whether any specific technique or method was employed in those efforts. The letter further informed Houghton of his right to appeal the denial of his request through the Agency's appeal process. Houghton subsequently appealed and the NSA denied the appeal in an April 2009 letter. The following month, Houghton filed a complaint in the District Court alleging that the NSA improperly denied his FOIA request.

In August 2009, Defendant moved for summary judgment, supporting its motion

with the declaration of NSA Deputy Associate Director for Policy Records Dianne M. Janosek ("the Janosek Declaration"), who is responsible for processing all of the Agency's FOIA requests. Houghton filed a cross-motion for summary judgment and response to the NSA's motion. On October 20 2009, the District Court granted the NSA's motion and denied Houghton's cross-motion. Houghton filed a timely appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We employ a two-tiered test in reviewing the District Court's order granting summary judgment in proceedings seeking disclosure under FOIA. First, we determine whether the District Court had an adequate factual basis for its decision. See Abdelfattah v. United States, 488 F.3d 178, 182 (3d Cir. 2007) (per curiam) (citing McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993)). If an adequate factual basis exists, we then decide whether the District Court's determination was clearly erroneous. See id. (citations omitted). We will reverse only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." Id. (citing McDonnell, 4 F.3d at 1242; quoting Lame v. United States Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985)).

## III.

Upon review of the record, we find that the District Court properly granted the NSA's motion for summary judgment. The Janosek Declaration provided an adequate

3

basis for the District Court to conclude that the NSA established that it properly invoked FOIA Exemptions One and Three in response to Houghton's FOIA request.[1]

Exemption One of the FOIA exempts from disclosure matters that are: "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy; and (B) are in fact properly classified pursuant to such Executive order." See 5 U.S.C. § 552(b)(1). In order to invoke Exemption One, the Agency must provide "detailed and specific" information demonstrating both why the material has been kept secret and why such secrecy is allowed by the terms of an existing Executive Order. See Campbell v. Dep't of Justice, 164 F.3d 20, 30 (D.C. Cir. 1998). In the context of a national security exemption to disclosure under FOIA Exemption One, courts "afford substantial weight to an agency's affidavit concerning the details of the classified status of the disputed record." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).

We agree with the District Court that the NSA met its burden. As explained in the detailed Janosek Declaration, the applicable Executive order that establishes classification of information and the treatment of properly classified information is Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995), as amended by Executive Order 13292, 68 Fed. Reg. 15315 (Mar. 25, 2003). Section 1.1(a)(4) of Executive Order 12958, as

---

[1] It is undisputed that Houghton's request was reviewed by an appropriate NSA official.

amended, states that an agency may classify information that fits into one or more of the Executive Order's categories for classification when the appropriate classification authority "determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security." 68 Fed. Reg. 15315 (March 25, 2003).[2] Section 1.4(c) of Executive Order 12958 provides that information may be considered for classification where it concerns, inter alia, intelligence activities, intelligence sources or intelligence methods. Id.

Here, the Agency official who reviewed Houghton's request reasonably determined that the information sought by Houghton could reveal information about intelligence activities, sources and methods, including intelligence targeting, priorities, and capabilities, and, therefore, falls within the category of classified information found in Section 1.4.(c) of the Executive Order. (Supp. App. at 14-15.) Additionally, the Agency official determined that confirming the existence or nonexistence of the information sought by Houghton would reveal information that is currently classified CONFIDENTIAL pursuant to the Executive Order and would allow individuals to accumulate information and draw conclusions about the NSA's technical capabilities. (Id.)

Although Houghton argues in his brief that his information should be released to

_____

[2] Houghton appears to argue that the Executive Order is no longer valid because "George W. Bush is no longer president." (App. Br. at 1.) However Executive Order 12958, as amended, has not been repealed.

5

him because he is "no threat to national security," see App. Brief. at 3, as explained in the Janosek Declaration, the NSA cannot respond to each request for information in isolation, but must assume that the United States's adversaries will examine all released information together. (Supp. App. at 15.) Accordingly, we find that the District Court had an adequate factual basis for determining that the NSA properly denied Houghton's FOIA request pursuant to Exemption One and that the determination was not clearly erroneous. See Abdelfattah, 488 F.3d at 182.

We further conclude that the District Court correctly determined that the NSA properly invoked Exemption Three in denying Houghton's request. This exemption protects the release of information that is specifically exempt from disclosure by statute. See 5 U.S.C. § 552(b)(3). To evaluate an Agency's Exemption Three claim, a court must determine whether the claimed statute is a statute of exemption under FOIA, and whether the withheld material satisfies the criteria of the exemption statute. CIA v. Sims, 471 U.S. 159, 167 (1985).

As specified in the Janosek Declaration, the NSA relies in this case on Section 6 of the National Security Agency Act of 1959, Pub. L. No. 86-36, § 6, 73 Stat. 63, 64, codified at 50 U.S.C. § 402 note, which provides that the NSA cannot be compelled to disclose information regarding the organization, functions, or activities of the NSA. It is well-established that Section 6 "is a statute qualifying under Exemption 3." See The Founding Church of Scientology of Washington, D.C., Inc. v. Nat'l Security Agency, 610

F.2d 824, 828 (D.C. Cir. 1979); accord Hayden v. Nat'l Security Agency, 608 F.2d 1381, 1389 (D.C. Cir. 1979).  Section 6 reflects a "congressional judgment that in order to preserve national security, information elucidating the subjects specified ought to be safe from forced exposure."  Church of Scientology, 610 F.2d at 828.  Furthermore, "[t]he protection afforded by section 6 is, by its very terms, absolute.  If a document is covered by section 6, NSA is entitled to withhold it. . . ."  Linder v. Nat'l Security Agency, 94 F.3d 693, 698 (D.C. Cir. 1996).  The NSA is not required to demonstrate specific harm to national security when invoking this statutory privilege, but only to show that the information relates to its activities.  Hayden, 608 F.2d at 1390.

As explained in the Janosek Declaration, the NSA "cannot acknowledge the existence or non-existence of the information sought by [Houghton] because such a response would reveal NSA's organization, functions and activities by revealing whether NSA did or did not possess intelligence information on [Houghton].  It could also reveal the methods by which NSA conducts its cryptologic activities."  (Supp. App. at 17.) Because Houghton has made no argument nor stated any facts controverting NSA's claim, we find that the District Court properly concluded, based on the evidence, that the NSA properly invoked Exemption Three.

We will affirm the judgment of the District Court.