NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 13-1704
_____

JOSEPH P. FRANKENBERRY,
                                            Appellant

v.

FEDERAL BUREAU OF INVESTIGATION;
U.S. DEPTARTMENT OF JUSTICE

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
(Civ. No. 3-08-cv-01565)
District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
December 9, 2013

Before: McKEE, *Chief Judge*, FUENTES and CHAGARES, *Circuit Judges*

(Filed: May 15, 2014)
_____

OPINION
_____

McKEE, *Chief Judge*.

Joseph P. Frankenberry appeals the district court's grant of summary judgment to

the Federal Bureau of Investigation on its withholding of information under Freedom of

Information Act (FOIA) exemptions.  For the reasons that follow, we will affirm the district court's decision.

## I.

As we write only for the parties who are familiar with the facts and procedural history, we will set forth only those facts necessary to our conclusion.[1]

We apply a two-tiered test when reviewing a district court's order granting summary judgment in proceedings seeking disclosure under FOIA.  We must "first decide whether the district court had an adequate factual basis for its determination." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3d Cir. 2007) (citations omitted).  If it did, we "must then decide whether that determination was clearly erroneous." *Id.* (citations omitted).  We will reverse the district court's decision only "if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." *Lame v. U.S. Dep't of Justice*, 767 F.2d 66, 69–70 (3d Cir. 1985).

## II.

Congress passed FOIA "to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).  To that end, government agencies must surrender any records requested unless the information is exempt from disclosure

---

[1] The district court had jurisdiction over this case pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 701-706 and 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

under one of nine FOIA exemptions. *Davin v. U.S. Dep't of Justice*, 60 F.3d 1043, 1049 (3d Cir. 1995); *see also* 5 U.S.C. § 552(b)(1)–(9) (2012) (listing the exemptions).

**A.**

Frankenberry claims that the district court erred in granting summary judgment to the FBI on exemption 5 U.S.C. § 552(b)(7)(C). Under Exemption 7(C), an agency is not required to disclose records or information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). When a government agency claims Exemption 7(C), the court must "weigh[] the privacy interest and the extent to which it is invaded, on the one hand, against the public benefit that would result from disclosure, on the other." *Ferri v. Bell*, 645 F.2d 1213, 1217 (3d Cir. 1981).

A district court must first determine whether a privacy interest exists. Individuals involved in a criminal investigation possess a privacy interest "in not having their names revealed in connection with disclosure of the fact and subject matter of the investigation." *Davin*, 60 F.3d at 1058. Deceased individuals lack this privacy interest under FOIA, and "it is within the discretion of the district court to require an agency to demonstrate that the individuals upon whose behalf it claims the privacy exemption are, in fact, alive." *Id.* at 1059. If the district court orders the agency to show that certain individuals are alive, and the agency is unable to do so, "a court must assure itself that the Government has made a reasonable effort to ascertain life status. . . . in light of the accessibility of the relevant information." *Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 662 (D.C. Cir. 2003).

3

Once the government establishes a relevant privacy interest, the district court weighs it against the public interest. The public interest under Exemption 7(C) is narrow: the only relevant public interest is the interest in information that "sheds light on an agency's performance of its statutory duties." *Davin*, 60 F.3d at 1059 (quoting *U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989)). In other words, "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to 'the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Reporters Comm.*, 489 U.S. at 772.

Frankenberry contends that the FBI failed to establish a privacy interest under Exemption 7(C) because it did not make reasonable efforts to determine the life status of the individuals upon whose behalf it claimed a privacy interest. As the district court found, however, the FBI reviewed the available records and cross-referenced information from prior FOIA requests and internal records in its attempt to determine the life status of non-FBI employees. The FBI also attempted to search the Consolidated Lead Evaluation and Reporting database but was unable to do so because the responsive documents lacked these individuals' birth dates and social security numbers. Similarly, the FBI could not determine the life status of its retired employees because it lacked their birth dates and social security numbers. Based on this information, the district court found that the FBI made reasonable efforts to determine the life status of the individuals upon whose behalf it claimed a privacy interest. The district court therefore had an adequate factual basis for this determination, and its conclusion was not clearly erroneous.

Frankenberry also unpersuasively argues that the public interest in exposing FBI misconduct outweighs any privacy interest the FBI may establish. To establish the exposure of government misconduct as a public interest, however, Frankenberry must "produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004). That is, he has to "establish more than a bare suspicion in order to obtain disclosure." *Id.* Yet Frankenberry relies only on a vague assertion that the requested material "may" reveal information proving FBI misconduct. Because his assertion falls short of the *Favish* standard, the district court properly found that Frankenberry failed to show a relevant public interest. Accordingly, the district court did not clearly err by granting the FBI's motion for summary judgment on Exemption 7(C).

**B.**

Frankenberry also claims that the district court erred in granting summary judgment to the FBI on exemption 5 U.S.C. § 552(b)(7)(D). Under Exemption 7(D), an agency is not required to disclose records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source.

5

5 U.S.C. § 552(b)(7)(D).  A source is confidential only "if the source 'provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred.'"  *Davin*, 60 F.3d at 1061 (quoting *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993)).

The FBI bears the burden of proving that Exemption 7(D) applies.  *Id.* at 1061.  It carries this burden by establishing that it expressly or impliedly granted confidentiality to the sources identified in the documents it seeks to exempt.  *Id.* at 1061–62.  To establish that the FBI expressly granted confidentiality to a source, the FBI must "come forward with probative evidence that the source did in fact receive an express grant of confidentiality."  *Id.* at 1061.  By contrast, the FBI is entitled to a presumption that it impliedly granted confidentiality to a source "when circumstances such as the nature of the crime investigated and the witness' relation to it support an inference of confidentiality."  *Id.* at 1062 (quoting *Landano*, 508 U.S. at 181).

Frankenberry argues that the FBI failed to establish that the nineteen pages of documents it seeks to exempt under Exemption 7(D) contain sources to whom the FBI expressly or impliedly granted confidentiality.  This argument fails for two reasons.

First, the district court properly found that the FBI withheld some of the documents because they contain a source to whom the FBI had expressly granted confidentiality.  The district court determined that the FBI had established an express grant of confidentiality on two documents—Frankenberry-58 and Frankenberry-60—because these documents contain notations proving that the source had expressly requested and been granted confidentiality.  The FBI then submitted a declaration

6

explaining that the individual discussed on Frankenberry-58 and Frankenberry-60 is the same individual discussed on a number of other pages. Based on this information, the district court held that the FBI had established that it rightly withheld all of these pages under an express assurance of confidentiality.

Second, the district court adequately determined that the FBI withheld the remaining documents under an implied assurance of confidentiality. After examining the relevant documents, the district court concluded that the nature of the investigation and the sources' relationship to the investigation demonstrated that the information was provided under an implied assurance of confidentiality. The district court therefore based these determinations on a sufficient factual basis. For these reasons, the district court did not clearly err by granting the FBI's motion for summary judgment on Exemption 7(D).

## C.

Last, Frankenberry claims that the district court erred in granting summary judgment to the FBI on exemption 5 U.S.C. § 552(b)(7)(E). Under Exemption 7(E), an agency is not required to disclose records or information compiled for law enforcement purposes that "would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).

The FBI claimed Exemption 7(E) as a basis for redacting the ratings column of Form FD-515 and withholding documents relating to polygraph examinations. The FBI invoked Exemption 7(E) on the ratings column of Form FD-515 because it evaluates the

7

effectiveness of an investigative technique. According to the FBI, redacting this portion of Form FD-515 is therefore necessary to prevent criminals from adapting their techniques based on the ratings column information. For the documents relating to polygraph examinations, the FBI claimed Exemption 7(E) because criminals could use this information to understand how the FBI implements the procedures and intricacies of a polygraph examination, which could risk circumvention of the law.

Frankenberry relies exclusively on *Milner v. Department of Navy*, 131 S. Ct. 1259 (2011), as support for his argument that the district court erred in granting the FBI summary judgment on the Form FD-515 and polygraph documents. Frankenberry, however, misconstrues this case, so his reliance on it is misplaced.

*Milner* dealt with the scope of exemption 5 U.S.C. § 552(b)(2), which allows an agency to withhold material that is "related solely to the internal personnel rules and practices of an agency." 131 S. Ct. at 1262 (quoting 5 U.S.C. § 552(b)(2)). In *Milner*, the Navy had invoked this exemption to withhold data and maps related to the storage of explosives. *Id.* But the Court concluded that "[a]n agency's 'personnel rules and practices' are its rules and practices dealing [only] with *employee relations or human resources*." *Id.* at 1265 (emphasis added). Because data and maps related to the storage of explosives do not relate to employee relations or human resources, the Court held the Navy could not invoke this exemption. *Id.* at 1266.

Frankenberry claims that the district court improperly used *Milner* as a basis to withhold the Form FD-515 and polygraph documents, but he misunderstands *Milner*'s role in the district court's decision on Exemption 7(E). The FBI did in fact originally

8

invoke 5 U.S.C. § 552(b)(2), in addition to Exemption 7(E), to withhold the Form FD-515 and polygraph documents. But the district court—and the FBI itself—subsequently concluded that exemption 5 U.S.C. § 552(b)(2) was no longer applicable in light of *Milner*, given that the Form FD-515 and polygraph documents do not relate to employee relations or human resources.

The district court then correctly concluded that the FBI could still withhold these documents but under the other exemption it invoked—Exemption 7(E). *See Milner*, 131 S. Ct. at 1271 (finding that the government can withhold documents under other FOIA exemptions if 5 U.S.C. § 552(b)(2) does not apply). For the ratings column on the Form FD-515 document, the district court found that the FBI had specifically shown that it reveals the effectiveness of certain investigative techniques and releasing it could thus risk circumvention of the law. Concerning the polygraph information documents, the district court determined that the FBI had sufficiently established that they contain investigation techniques that could also risk circumvention of the law if disclosed. Consequently, the district court's grant of summary judgment to the FBI on these documents had an adequate factual basis and was not clearly erroneous.[2]

## IV.

---

[2] The district court also held that the FBI had properly withheld documents that contain information related to money expenditures in the FBI investigation. This information relates to "procedures for law enforcement investigations" because it shows where the FBI concentrates its resources in an investigation. The disclosure of this information could therefore risk circumvention of the law. As a result, the district court did not clearly err in finding that these documents were also exempt under Exemption 7(E). Moreover, as the government asserts that the relevant documents have since been released to Frankenberry, the issue is now moot.

9

For the reasons set forth above, we will affirm the judgment of the district court.