BLD-277                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1952
_____

VALENTINE B. ANDELA, d/b/a CANCER-AFRICA,

Appellant

v.

ADMINISTRATIVE OFFICE OF UNITED STATES COURTS;
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION;
UNITED STATES DEPARTMENT OF EDUCATION- OFFICE OF CIVIL RIGHTS;
UNKNOWN NAMED OFFICIALS IN THEIR INDIVIDUAL CAPACITIES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-13-cv-00865)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 12, 2014

Before: AMBRO, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 17, 2014)
_____

OPINION
_____

PER CURIAM

Valentine B. Andela, proceeding pro se, appeals from the District Court's denial of his motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth below, we will summarily affirm.[1]

I.

Andela filed a complaint against the defendants in which he alleged that the defendants mishandled his employment discrimination claim, conspired to deprive him of his constitutional rights, and failed to provide him with certain information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq. In 2007, Andela filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") against the University of Miami and the University of North Carolina at Chapel Hill. He subsequently filed a complaint with the U.S. Department of Education's Office for Civil Rights ("OCR") alleging retaliation as a result of his EEOC claim. An administrative law judge rejected his claims of employment discrimination, and the Florida Commission for Human Relations ("FCHR") upheld that decision on appeal. Andela then requested that the EEOC perform a Substantial Weight Review of the FCHR's decision. He also appealed the FCHR's ruling to the Florida District Court of Appeals, which affirmed the FCHR's decision. The next day, the EEOC issued a

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

notice of a right-to-sue letter indicating that it had adopted the FCHR's determination. Andela alleged that the EEOC should have completed its review in time for the state appellate court to use it in making its determination, but the EEOC's issuance of its decision immediately after the state court's rejection of his appeal is "[s]trongly revealing of a conspiracy." Dkt. No. 6, at 6.

Andela then made a FOIA request for the EEOC's Substantial Weight Review. The request was not answered, and when he made a second request, he was told that the EEOC did not have a record of his initial request but would process his second request by August 3, 2009. Andela was not provided with the document as of that date, however.

Around that same time, Andela filed a lawsuit in the Southern District of Florida, pursuant to Title VI and Title VII, against the University of Miami and the University of North Carolina. The district court dismissed some of Andela's claims, granted summary judgment to defendants on others, and declined to exercise supplemental jurisdiction over any state law claims. Andela appealed, and the Eleventh Circuit dismissed part of the appeal while affirming the dismissal of his remaining claims.

Andela subsequently filed several FOIA requests and appeals to the OCR and the EEOC. In response, the EEOC released a redacted copy of its Substantial Weight Review, signed by a district director who, according to Andela, was later demoted "based on her allegedly unacceptable performance." Id. at 5 (citation omitted).

3

Based on these facts, Andela made the following claims: (1) a FOIA claim against the EEOC based on the EEOC's failure to provide him with an unredacted copy of the substantial weight review; (2) claims against all of the defendants under the Declaratory Judgment Act; (3) claims against the government agents involved in the procedural handling of his Title VI and Title VII claims, pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); (4) claims against all of the defendants pursuant to 42 U.S.C. § 1985, based on his allegations that they conspired to undermine his constitutional rights; (5) claims against all of the defendants pursuant to 42 U.S.C. § 1986, based on his allegations that they failed to prevent interference with his civil rights; and (6) a claim under the Federal Tort Claims Act ("FTCA") against the EEOC. He sought injunctive relief under FOIA, a declaration that he was continuously prevented from properly litigating his Title VI and Title VII claims due to the defendants' conduct, and damages. The District Court dismissed all of his claims save for the FOIA claim against the EEOC, denied Andela's motion pursuant to Federal Rule of Civil Procedure 60(b), and denied Andela's motion to recuse. The FOIA claim was terminated when the District Court granted summary judgment for the defendants. Andela then moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The District Court denied the motion, and Andela timely appealed.[2]

_____

[2] While Andela did not explicitly state that he was appealing from the denial of his motion for recusal pursuant to 28 U.S.C. § 455, we review this decision for abuse of discretion, see In re Kensington Int'l, Ltd., 368 F.3d 289, 300-01 (3d Cir. 2004), and find

4

II.

We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted).

The District Court's dismissal of Andela's claim for a declaratory judgment was correct. Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct. See Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1224 (3d Cir. 1989) (stating that a district court must consider, among other factors, whether a declaratory judgment will resolve the uncertainty of obligation that gave rise to a controversy). Declaratory judgments are not meant simply to proclaim that one party is liable to another. See Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1553 (Fed. Cir. 1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act."). Andela's complaint demanded a declaration that he was "continuingly prevented from properly litigating his Title VI and Title VII claims" because the defendants "actively misled [him] respecting his cause of action" and

---

none here. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal, and we reiterate that principle here.") (citations omitted).

5

"prevented [him] from asserting his rights," as well as that he "timely asserted his tort claims mistakenly in the wrong forum." Dkt. No. 6, at 16. Andela argued in his motion pursuant to Federal Rule of Civil Procedure 60(b) that the future conduct at issue was the handling of other administrative claims he had filed and their legal effect, such as equitable tolling and the apportionment of liability among the defendants. Dkt. No. 8, at 3-4. These circumstances are not the type of uncertainty contemplated by the aforementioned case law, and this Court cannot make speculative rulings as to future litigation. See U.S. Const. art. III, § 2; Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 410 (3d Cir. 1992). Furthermore, Andela explicitly stated that "[t]he last OCR and EEOC action that allegedly violates Andela's substantive rights were [sic] done from July to October, 2012 . . . ." Dkt. No. 6, at 11. Because the conduct alleged in the complaint took place in the past, Andela's claim for a declaratory judgment was properly dismissed.

The District Court also properly dismissed Andela's Bivens claim against those "involved in the procedural handling of [his] Title VI and Title VII claims" who allegedly "actively undermined his substantive and constitutionally guaranteed rights." Dkt. No. 6, at 11. No due process right is implicated in the investigative, non-adjudicatory procedures of the EEOC. Georator Corp. v. EEOC, 592 F.2d 765, 768–69 (4th Cir. 1979). Furthermore, it is apparent from Andela's complaint that he received considerable process in the state and federal courts and had ample opportunity to be heard. Cf. Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the

6

requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it.") (internal citations omitted). To the extent Andela alleged a violation of his substantive due process rights, none of the facts alleged supports such a claim. See Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) ("To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.").

We also agree with the District Court's dismissal of Andela's claims pursuant to 42 U.S.C. §§ 1985 and 1986. The District Court correctly determined that the federal agencies sued by Andela are immune from suit. See Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.").

The District Court also correctly dismissed these claims against the unnamed agency employees. To state a claim under §§ 1985(2) or (3), a plaintiff must allege four things: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Griffin v. Breckenridge, 403 U.S. 88, 102–03 (1971); see also Brawer v.

7

Horowitz, 535 F.2d 830, 839 (3d Cir. 1976). Andela failed to allege facts suggesting that agency employees engaged in a conspiracy or acted out of racial or class-based discriminatory animus. Furthermore, the facts giving rise to his claim cannot establish that he was deprived of any right or privilege of a citizen of the United States, as discussed in the preceding paragraph regarding his Bivens claim.

The District Court's dismissal of Andela's FTCA claim against the EEOC defendants was also proper. The FTCA provides a limited waiver of immunity for actions in tort against the United States for the actions or negligence of employees of the government. 28 U.S.C. § 2674; § 2675(a). The District Court correctly stated that agencies of the government, such as the EEOC, cannot be named as defendants in FTCA suits. 28 U.S.C. § 2680(a). Furthermore, employees of the EEOC cannot be sued under the FTCA based on alleged failures in handling a complaint, as there is no private analogue to the EEOC's work in processing and investigating discrimination charges. See, e.g., United States v. Muniz, 374 U.S. 150, 153 (1963) ("Whether a claim could be made out would depend upon whether a private individual under like circumstances would be liable under state law . . . ."). Finally, as the District Court noted, constitutional torts are not cognizable under the FTCA. F.D.I.C. v. Meyer, 510 U.S. 471, 477-78 (1994).

The District Court correctly denied all of the above claims with prejudice. While a district court should ordinarily allow a pro se plaintiff to file an amended complaint, it

8

need not do so if amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The facts alleged by Andela preclude relief on all of his claims, rendering amendment futile. Furthermore, the denial of his motion pursuant to Federal Rule of Civil Procedure 60(b)(1), which we review for abuse of discretion, was also proper as Andela failed to prove any mistake or neglect on the Court's part. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (stating the applicable standard of review).

## III.

Andela's remaining claim, that the EEOC violated FOIA by not providing him with an unredacted copy of the Substantial Weight Review, was terminated when the District Court granted the EEOC's summary judgment motion. We employ a two-tiered test in reviewing an order of a District Court granting summary judgment in proceedings seeking disclosure under FOIA. We must "first decide whether the district court had an adequate factual basis for its determination." McDonnell v. United States, 4 F.3d 1227, 1242 (3d Cir. 1993) (citations omitted). If it did, we "must then decide whether that determination was clearly erroneous." Id. (citations omitted). Under this standard, we will reverse "only if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence or where the district court has misapprehended the weight of the evidence." Id. (quoting Lame v. U.S. Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985)).

9

After review, we conclude that the District Court's grant of summary judgment was proper. "Upon request, FOIA mandates disclosure of records held by a federal agency, see 5 U.S.C. § 552, unless the documents fall within enumerated exemptions, see § 552(b)." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (2001). These exemptions are to be construed narrowly. FBI v. Abramson, 456 U.S. 615, 630 (1982). Section 552(b)(5) exempts from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." It shields those documents that would be "normally privileged in the civil discovery context." Conoco Inc. v. U.S. Dep't of Justice, 687 F.2d 724, 727 (3d Cir. 1982) (citing NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149-50 (1975)). One such privilege is the "deliberative process privilege," which covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." Klamath, 532 U.S. at 8 (citation omitted).

We conclude that the District Court had an adequate factual basis for exempting the unredacted Substantial Weight Review from disclosure. The Substantial Weight Review is dated March 26, 2009, and the EEOC's Dismissal and Notice of Rights letter to Andela is dated March 31, 2009. The Substantial Weight Review is therefore pre-decisional. Stephanie Garner, Assistant Legal Counsel for FOIA Programs in the EEOC's Office of Legal Counsel, submitted a declaration in which she described the

10

substantial weight review process.  See Dkt. No. 34-1, at 3-4.  She explained that the EEOC contracts with Fair Employment Practices Agencies such as FCHR to process charges of discrimination, and that substantial weight reviews are done to ensure that the contract agency conducted an appropriate investigation and made a proper determination. Id. at 4.  Andela argued in his cross-motion for summary judgment that his charges of discrimination were mishandled and that the Garner declaration and index of redacted material were not entitled to the presumption of good faith.  These arguments were insufficient to create a genuine issue of material fact, however.  Accordingly, the District Court's factual determinations were not clearly erroneous and the grant of summary judgment was proper.[3]

Both parties have requested summary action in this case.  As no substantial question was presented by Andela's appeal, we grant the Appellees' request for summary action and deny Andela's.  In light of our disposition, we deny as moot Andela's motion to expedite the appeal.

IV.

There being no substantial question presented on appeal, we will summarily affirm.

---

[3] Andela's motion pursuant to Federal Rule of Civil Procedure 59(e) to amend the summary judgment order was also properly denied, as he did not point out any error on the part of the District Court.

11