PS4-014                                                               **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4238
_____

HAROLD L. LEONARD,
                                    Appellant

v.

U.S. DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 10-cv-06625)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2014
Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 13, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Harold L. Leonard appeals from the District Court's ruling granting summary judgment in favor of the Internal Revenue Service ("IRS") and denying his request for disclosure of documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Upon review, we will affirm the judgment of the District Court.

The facts being well-known to the parties, we set forth only those pertinent to this appeal. In two letters dated August 2, 2010, Leonard made FOIA requests to the IRS. In one letter, Leonard requested "any and all IRS Form 211 and IRS Form 211A filed by anyone" bearing his name and Social Security number for tax years 1997 through 2009.[1] (See Amended Complaint at Exhibit A.) The IRS denied the request. In doing so, the IRS did not disclose whether any Forms 211 or 211A existed. Rather, the IRS stated that if they did exist, they would be exempt from release under FOIA Exemptions 3, 7(A), 7(C), or 7(D), 5 U.S.C. §§ 552(b)(3) & (b)(7).

Leonard's second FOIA request sought "any and all documents provided to the IRS by anyone (or entity), including but not limited to legal settlements, allegations of income, letters, complaints, etc., bearing" his name and/or his Social Security number for tax years 1999 through 2009. (See Amended Complaint at Exhibit B.) Upon receipt of that request, the IRS representative responsible for processing it did not do so on the

---

[1] IRS Forms 211 and 211A are "whistleblower" forms, which allow individuals to report, and potentially receive a reward for reporting, suspected tax violations by others. Leonard sought access to those forms because he believes that his estranged wife has been causing the IRS to pursue him for tax liabilities.

mistaken belief that it was a duplicate of Leonard's first FOIA request, not a separate request.

In December 2010, Leonard filed a complaint in the District Court, which he later amended, challenging the IRS's refusal to disclose the documents that he requested. The IRS filed a motion for summary judgment. With regard to Leonard's first FOIA request, the IRS maintained that the documents that Leonard requested were exempt from disclosure.[2] As to his second FOIA request, the IRS argued that Leonard's request was not proper because it failed to reasonably describe the documents he sought. Upon review, the District Court entered an order denying the IRS's motion for summary judgment without prejudice and directing the IRS to submit to the Court a <u>Vaughn</u> Index addressing Leonard's first FOIA request.[3] The District Court also directed the IRS to produce any materials responsive to Leonard's request for Forms 211 and 211A to the Court for <u>in camera</u> review.[4] With regard to Leonard's second FOIA request, the District Court agreed with the IRS that Leonard's request for documents was too general.

---

[2] The IRS clarified that if any responsive Form 211 existed, it would be exempt from disclosure under FOIA Exemptions 3, 7(A) and 7(D), as well as Exemption 6, 5 U.S.C. § 552(b)(6). As to Form 211A, the IRS explained that Exemptions 3 and 7(A) prohibited disclosure.

[3] A "<u>Vaughn</u>" index is an affidavit that supplies an index of withheld documents and details the agency's justification for claiming an exemption. <u>Patterson v. Fed. Bureau of Investigation</u>, 893 F.2d 595, 599 n.7 (3d Cir. 1990); <u>see also</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826-28 (D.C. Cir. 1973).

[4] The District Court concluded that Leonard exhausted his administrative remedies before

However, the Court granted Leonard an opportunity to refine his request and ordered the IRS to respond to any refined request made by Leonard.

As directed, the IRS submitted a <u>Vaughn</u> Index and provided documents responsive to Leonard's first FOIA request to the District Court for <u>in camera</u> review. After reviewing the submissions, the District Court entered an order granting the IRS's motion for summary judgment with respect to Leonard's first FOIA request. After the IRS responded to Leonard's second FOIA request, which Leonard had refined,[5] the parties filed cross-motions for summary judgment. Included with the IRS's motion were two declarations of IRS employees describing in detail the process used to respond to Leonard's second FOIA request. The declarations emphasized that only third-party taxpayer identification numbers were redacted and therefore withheld from Leonard.

Thereafter, the District Court entered an order denying Leonard's motion for summary judgment and granting the IRS's motion for summary judgment. The Court concluded that the IRS had adequately responded to Leonard's second FOIA request and that the third-party information that had been redacted was exempt from disclosure

---

filing his federal complaint.

[5] The refined request set forth 45 specific categories of requested documents. In response to the request, the IRS produced 187 pages of records, with some information redacted from 38 of those pages. The IRS informed Leonard that the redacted information consisted of third-party taxpayer information which was protected from disclosure under Exemption 3, in conjunction with 26 U.S.C. § 6103(a), as well as Exemption 6.

pursuant to FOIA Exemption 3.[6] In doing so, the Court noted that Leonard had not disputed the nature of the information that had been redacted, nor had he obtained consent from the third parties for the release of their taxpayer identification numbers. Leonard appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We employ a two-tiered test in reviewing an order of a District Court granting summary judgment in proceedings seeking disclosure under the FOIA: first, we must "decide whether the district court had an adequate factual basis for its determination;" and second, we must "decide whether that determination was clearly erroneous." Abdelfattah v. U.S. Dep't of Homeland Sec., 488 F.3d 178, 182 (3d Cir. 2007) (quotations, citations omitted). We will reverse "only if the findings are unsupported by substantial evidence, lack adequate evidentiary support in the record, are against the clear weight of the evidence[,] or where the district court has misapprehended the weight of the evidence." Lame v. U.S. Dep't of Justice, 767 F.2d 66, 70 (3d Cir. 1985).

Leonard argues that the District Court erred in granting summary judgment in favor of the IRS regarding his second FOIA request because the information that was withheld is not protected by FOIA Exemption 3.[7] Exemption 3 exempts from disclosure

---

[6] Apparently, because the District Court concluded that the third-party tax return information was properly withheld under Exemption 3, the Court did not consider the IRS' alternative reliance on Exemption 6 to justify withholding that information.

[7] Although we afford Leonard's filings a liberal construction, we conclude that he has

5

documents that are "specifically exempted . . . by statute." Section 6103 of Title 26 is an exempting statute within the meaning of FOIA Exemption b(3); thus, records protected under § 6103 are exempt from disclosure. See 26 U.S.C. § 6103; Grasso v. IRS, 785 F.2d 70, 77 (3d Cir. 1986). Section 6103(a) states, in pertinent part, that "[r]eturns and return information shall be confidential" and shall not be disclosed except as authorized by this title. 26 U.S.C. § 6103(a). Section 6103(b)(1) defines return as "any tax or information return, declaration of estimated tax, or claim for refund," and section 6103(b)(2) defines return information as "a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, . . . tax withheld, deficiencies . . . whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing . . ." Id. at § 6103(b). Section 6103(b)(6) defines taxpayer identity as the name, mailing address, *taxpayer identification number*, or any combination thereof, of a person, with respect to whom a return is filed. Id. (emphasis added).

After reviewing the record, we conclude that the IRS provided the District Court with sufficient factual basis for its determination that the small amount of information that was withheld from Leonard fell within Exemption 3. Leonard makes no arguments undermining that conclusion. According to the declaration of Mary Ellen Keys, an

---

waived any challenge to the District Court's ruling regarding his first FOIA request because he failed to meaningfully raise any issues regarding the correctness of that ruling in his opening brief. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

attorney with the IRS's Office of Chief Counsel, most of the information retrieved pursuant to Leonard's second FOIA request was released in full, with information redacted from only 38 pages. Those 38 pages were redacted only to the extent that they contained taxpayer identification numbers of third-party taxpayers. As the District Court noted, Leonard did not dispute the IRS's factual assertion that the redacted information consisted only of third-party taxpayer information. Nor did he allege or present any evidence showing that the third parties had consented to having their taxpayer identification numbers disclosed to him. In light of that, the District Court did not err in upholding the IRS's refusal to release the redacted information pursuant to Exemption 3.

We disagree with Leonard's assertion that such a determination undermines our ruling in Grasso. In Grasso, the FOIA requester sought disclosure of a memorandum of an interview he had given to an IRS agent. 785 F.2d at 72. The IRS declined to disclose the memorandum arguing, in part, that because its disclosure would interfere with a pending enforcement proceeding, the memorandum was properly withheld under Exemption 7(A). Id. We affirmed the District Court's denial of the IRS's motion for summary judgment, concluding that the IRS had failed to meet its burden of establishing that the requested information would interfere with a pending enforcement proceeding. Id. at 76-77. Leonard argues that before the District Court granted the IRS's summary judgment motion in his case, it should have determined "whether the documents requested if produced would have seriously impede[d] an ongoing investigation." (See

7

Appellee's Brief at 12-13.)  The IRS made no such argument in Leonard's case, however.

Thus, because that issue was not relevant under the circumstances presented here, the

District Court was under no obligation to consider it.[8]

Accordingly, we will affirm the judgment of the District Court.

---

[8] Leonard also argues that the District Court erred because "if the matter were in the nature of a criminal proceeding," he "would be allowed the requested documents." (See Appellee's Brief at at 13.)  The argument is irrelevant given that this is a civil matter. Moreover, as the IRS correctly notes, the argument is conclusory as Leonard fails to cite any authority supporting his contention.